EDWARD P. CHURCHILL *vs.* GROVE E. HULBERT.

In an action for an assault the defendant cannot justify on the ground that he had an irrevocable license to enter upon the plaintiff's land for the purpose of removing his per-sonal property therefrom, and that the plaintiff withstood his entry.

MORTON, J. This is an action of tort for an assault and bat-tery. The evidence tended to show that the defendant forcibly entered the premises of the plaintiff for the purpose of removing certain manure which he claimed as his property ; that the plain-tiff, being present, forbade his entering and resisted it by seizing the heads of the defendant's horses to prevent them from pro-

ceeding further, and thereupon the defendant struck him with a shovel and broke his arm, and then proceeded to remove the manure. The defendant claimed that he had an irrevocable license to enter and remove the manure, and asked the court to instruct the jury, " that if the defendant had a license from the plaintiff, unrevoked or irrevocable, to enter the plaintiff's premises to remove manure which belonged to the defendant, and the defendant did no more than was necessary to enter and remove the same manure, he is not liable in this action." The court refused this request, and instructed the jury in substance, that though the defendant had an irrevocable license to enter and remove the manure which belonged to him, yet if the plaintiff resisted the defendant's entry, under a claim that the defendant had no manure left on the premises, the defendant had no right to use personal violence to overpower the plaintiff's resistance and enforce his claim.

We are of opinion that these instructions were at least sufficiently favorable to the defendant. The cases cited by his counsel show that if he had an irrevocable license to enter he would not be liable in an action of trespass *quare clausum* for an entry, if he could make it without opposition or resistance; but the authorities are clear that if resisted, he had no right to enforce his claim by a breach of the peace. *Sampson* v. *Henry*, 13 Pick. 379. *Commonwealth* v. *Haley*, 4 Allen, 318. 3 Bl. Com. 4. If it be assumed, therefore, that the defendant had an irrevocable license to enter the plaintiff's premises, yet upon being resisted it was his duty to desist from his attempt to enter, and resort to his legal remedies. He cannot justify a resort to personal violence to enforce his rights.            *Exceptions overruled.*

*S. W. Bowerman,* for the defendant.

*M. Wilcox,* for the plaintiff.