## DELIA STONE *vs.* PATRICK LAHEY.

Hampden.   Sept. 26. — Oct. 2, 1882.   ENDICOTT, LORD & FIELD, JJ.,
absent.

If a tenant at will surrenders the premises by an express agreement with the owner, and vacates them with his family and goods, leaving behind a person who has occupied the premises with him by his permission, but without the owner's knowledge or consent, the owner is not liable to an action for an assault, if he ejects such person, after request and refusal to leave the premises, using no unreasonable force.

TORT for assault and battery.   Trial in the Superior Court, without a jury, before *Bacon*, J., who allowed a bill of exceptions, in substance as follows:

The plaintiff was in the occupation of a tenement belonging to the defendant, which the plaintiff's husband occupied under the plaintiff's brother, who rented it from the defendant, and who had, up to a short time before the alleged assault, occupied it himself, together with the plaintiff and her family.   Several days before the alleged assault, the plaintiff's brother, by an express agreement with the defendant, surrendered the tenement to him, and vacated it with his family and goods, leaving the plaintiff there.

The defendant had never known of or consented to the plaintiff's occupation, and, on the day of the alleged assault, went to the house expecting to find it empty, but found the plaintiff there.   He requested her to leave at once, and, on her refusing to comply, put some of her furniture out of doors, took hold of her and attempted to eject her, using no unnecessary or unreasonable force.

The plaintiff requested the judge to rule that, upon these facts, she was entitled to reasonable notice before forcible ouster; and that this notice was not given.   The judge refused so to rule; ruled that, the plaintiff's occupation being under her brother, who had surrendered to the defendant and left, and had thereby surrendered his rights, if the defendant went to the tenement under the circumstances above set forth, supposing it was vacant, and found the plaintiff there, he was justified in ejecting her, using no unreasonable force; and ordered judgment for the defendant.   The plaintiff alleged exceptions.

*H. C. Bliss*, for the plaintiff.

*R. W. Ellis*, for the defendant, was not called upon.

DEVENS, J. The plaintiff's brother had rented the premises of the defendant, and had surrendered them to him by express agreement, vacating them with his family and goods. The plaintiff, who had occupied by leave of her brother, was left behind when he abandoned the premises. She was thus occupying without right or authority. Whether to be deemed a trespasser or not, before demand was made that she should leave, she certainly became one when such demand was made and she refused compliance. She was entitled to no other notice to quit than one that should inform her that the person by whose authority she was originally there had surrendered possession, and that the defendant desired her to leave. Upon her refusal to comply with this request, he was justified in ejecting her, using no unreasonable force. Such was the ruling of the presiding justice, and it is fully supported by *Low* v. *Elwell*, 121 Mass. 309.                                        *Exceptions overruled.*