## DAVID W. LEGALLEE *vs.* MARK A. BLAISDELL.

Suffolk.   March 9.— 12, 1883.   DEVENS & W. ALLEN, JJ., absent.

To maintain an action for a malicious arrest, authorized by the certificate of a magistrate issued under the St. of 1877, *c.* 250, § 5, the burden is on the plaintiff to prove that, at the time the defendant procured the arrest, he had no probable cause to believe that the plaintiff intended to leave the State; and it is not enough to prove that the plaintiff did not in fact intend to leave the State.

TORT for a malicious arrest of the plaintiff by the defendant, on an execution issued out of the Municipal Court of Boston, in favor of the defendant, as administrator of the estate of one Jones deceased.   Trial in the Superior Court, before *Blodgett*, J., who allowed a bill of exceptions, in substance as follows :

It was admitted that the defendant, as administrator, recovered judgment against the plaintiff, on April 13, 1880, for the sum of $139.51 as debt or damage, and $10.51 as costs of suit; and that execution was issued thereon for the above amounts on March 7, 1881.

A master in chancery for Suffolk county testified that the defendant applied to him for a certificate authorizing the arrest of the plaintiff on March 8, 1881, under the St. of 1877, *c.* 250, § 5, and made the affidavit required by said section, and the witness granted his request and authorized the arrest of the plaintiff by a certificate.   On cross-examination, he testified that the defendant first applied for the notice required by § 1 of said chapter, which was duly issued and taken away by the defendant; and that afterwards, on the same day, it was returned without having been served.   It was also admitted that the plaintiff was arrested on said execution, on said March 8, by a constable of the city of Boston qualified to make such arrest.

A commissioner of insolvency for the county of Suffolk testified that he, at the request of the plaintiff, issued a notice of the plaintiff's desire to take the oath that he did not intend to leave the State, on or about March 21, 1881, returnable the next day at 9 A. M.; that both parties appeared, and, after eight or ten hearings, he found, on May 12 following, that the plaintiff,

at the time of the arrest and at the time of his examination, did not intend to leave the State; and that he thereupon discharged him from arrest and made the proper certificate of the same.

The plaintiff offered further evidence tending to prove, and the defendant admitted that it proved, that the plaintiff, at the time the affidavit was made and the certificate authorizing the arrest of the plaintiff was obtained, did not intend to leave the State.

The defendant offered no evidence; and asked the judge to rule that, upon the evidence offered by the plaintiff, the action could not be maintained. The judge so ruled, and directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions.

*S. W. Harmon*, for the plaintiff.

*M. A. Blaisdell, pro se.*

MORTON, C. J. This is an action of tort for a malicious arrest. To maintain the action, the burden is on the plaintiff to prove that, at the time the defendant procured the arrest, he had no probable cause to believe that the plaintiff intended to leave the State. It is not enough to prove that he did not in fact intend to leave the State. All the evidence in this case is consistent with the theory that the defendant honestly believed, and had good reason to believe, that the plaintiff did intend to leave the State. The plaintiff therefore did not sustain the burden of proof, and prove his case; and the Superior Court rightly directed a verdict for the defendant.

*Exceptions overruled.*