GEORGE T. SCOTT *vs.* BENJAMIN P. ELDRIDGE & others.

Suffolk.   March 11, 1891. — May 20, 1891.

Present: FIELD, C. J., C. ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Arrest without a Warrant — Misdemeanor.*

A peace officer is not authorized to make an arrest in this State, without a warrant, for a past misdemeanor committed in another State.

TORT, to recover damages for an arrest and detention of the plaintiff by the defendants. At the trial in the Superior Court, before *Lathrop,* J., the jury returned a verdict of guilty; and the defendants Eldridge and Robinson alleged exceptions, which, so far as material to the point decided, appear in the opinion.

*T. J. Gargan & P. M. Keating,* for the defendants.

*G. R. Swasey & J. H. Flint,* for the plaintiff.

C. ALLEN, J. The case is shortly as follows. A letter came to the defendant Eldridge, who was the chief of the department of inspectors of the police of Boston, from some one who purported to be the chief of detectives of the police of Philadelphia,

saying that a colored man named Robert Scott, alias George R. Scott, who was described in detail, was wanted, and asking that, if found, he should be arrested and charged with conspiracy to commit an abortion, adding, "I hold our coroner's warrant." In pursuance of this request, the defendants Eldridge and Robinson, the latter being an inspector under Eldridge, arrested the plaintiff, detained him for twenty-four hours, and then discharged him from custody without any legal complaint having been made or legal process issued. The plaintiff brought this action for the arrest. At the trial, the defendants contended that being a party to conspiracy to commit an abortion was a felony according to the laws of Pennsylvania, and put in evidence Brightly & Purdon's Digest, page 431, §§ 156, 157; and they asked the court to instruct the jury that, if the defendants had reasonable ground to believe that the plaintiff had committed a felony in Pennsylvania, they were justified in arresting and detaining him. The court refused to give this instruction, and ruled that no justification was shown for the arrest. A verdict was accordingly returned for the plaintiff.

The statutes of Pennsylvania which were put in evidence relate to the offence of abortion, and not to that of conspiracy. No statute of Pennsylvania relating to conspiracy being shown, we must go to the common law to ascertain if such a conspiracy is a felony; and by the common law it clearly is not. *Regina* v. *Button*, 11 Q. B. 929. *People* v. *Mather*, 4 Wend. 229, 265. 2 Bish. Crim. Law, (7th ed.) § 240. There was, therefore, nothing to show that the defendants had any reason to think that the plaintiff had committed a felony. We cannot accept the defendants' suggestion in the argument, that the letter furnished ground to believe that the plaintiff had committed an abortion in Pennsylvania, which is a felony under the statutes referred to. The letter is plain in its request to charge him with a conspiracy, which is an offence of a less grade than felony.

Even if the plaintiff had committed the offence of conspiracy in Massachusetts, the defendants would have had no right to arrest him without a warrant. On reasonable suspicion of felony, a peace officer may make an arrest without a warrant, even though it turns out that in fact no felony has been committed; but he may not without a warrant make an arrest for

a past misdemeanor though the offence has been committed, unless he is specially authorized by statute to do so. *Commonwealth* v. *Carey*, 12 Cush. 246, 252. *Commonwealth* v. *McLaughlin*, 12 Cush. 615. *Rohan* v. *Sawin*, 5 Cush. 281. *Kurtz* v. *Moffitt*, 115 U. S. 487, 499. *Samuel* v. *Payne*, 1 Doug. 359 ; *S. C.* 1 Bennett & Heard's Lead. Cas. 194, and Bennett's note, 197 *et seq.* If a peace officer would have had no right to arrest the plaintiff for a past misdemeanor committed in Massachusetts, certainly he could have no greater right in respect to a misdemeanor committed in another State. So that even assuming that the plaintiff had committed a misdemeanor in Pennsylvania (which was not shown), his arrest without a warrant was illegal.

This view of the case being decisive, we have no occasion to consider whether it is necessary, in case of a felony committed in another State, to pursue the course pointed out in the statute (Pub. Sts. c. 218, § 7), or the other objections urged by the plaintiff against the validity of his arrest.

*Exceptions overruled.*