THOMAS J. LAMBERT *vs.* CHARLES H. ROBINSON & another.

Middlesex.    March 7, 1894. — June 23, 1894.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Trespass Quare Clausum — Assault — Pleading — License — Right of Entry under Conditional Sale of Personal Property — Excessive Force.*

Justification for an assault cannot be shown as a defence under a general denial, but must be pleaded specially.

The plaintiff, under a written lease, hired certain articles of furniture of the defendant, for which he paid as rent the sum of five dollars, and promised to pay the further sum of one dollar a week until he should have paid a specified amount, when the rent was to cease, and the articles were to become his property. The lease provided that, upon any default in the payment of rent, the defendant or his agents might, "without demand or notice, or being deemed guilty of any trespass or tort, and without thereby rendering themselves liable to refund any sums received by them as rent aforesaid, enter any house or place where said articles may be, and take possession of and remove said articles therefrom." It further stipulated that, so long as rent should be payable, the plaintiff would not remove the furniture from the premises described in the lease. *Held,* that the right of the defendant to enter and remove the furniture, which was an irrevocable license, was given only upon a failure to pay rent, and not upon a removal of the furniture, and that there was nothing in the contract which gave to the defendant the right, upon the removal of the furniture by the plaintiff during the continuance of the lease, to demand a settlement of the entire account if the rent was paid as agreed.

A person who has a right to enter upon the land of another may use such force as is required for the purpose without being liable to an action, but if he commits a

breach of the peace he is liable to the Commonwealth, and if he uses excessive force he is liable to a personal action for an assault.

In an action of trespass for breaking and entering the plaintiff's close and for an assault, it appeared that the plaintiff had hired certain furniture of the defendant under a written lease which gave the defendant a license to enter and remove the furniture upon the plaintiff's failure to pay rent, and prohibited the plaintiff, so long as rent was payable, from removing the furniture from the premises described therein; that because of the removal of the furniture by the plaintiff during the continuance of the lease, and because of his failure to settle the entire account on demand, the defendant's servants attempted to enter the plaintiff's house, and that, when one of them knocked at the outside door and it was opened by the plaintiff's daughter, they rushed into the house in a violent manner, throwing the plaintiff's daughter back on the stairs and frightening her; that afterwards one of them went to the rear of the house and opened a window, jumped into the house, and pushed the plaintiff's wife violently against the side of the house; that when the plaintiff came in they were sitting in the parlor; that when he asked them why they were there and what they wanted, and, opening the door, requested them to go out, they made no reply; that he then went to the kitchen and got a rolling-pin and returned into the room where they were, whereupon one of them seized him by the arm and another one wrested the rolling-pin from him and committed the assault. It did not clearly appear from the bill of exceptions that any rent was due at the time of the entry, but it was agreed that there was a balance still unpaid upon the contract. *Held,* that on this evidence it could not be said that there was no evidence of excessive force, and that the ruling requested by the defendant, that his entry was reasonable and proper, and that the plaintiff could not maintain the action, was rightly refused.

TORT, for breaking and entering the plaintiff's close, and for an assault. Writ dated July 8, 1891.

The declaration alleges that Frank B. Trull, J. Soule, and William A. Robes, at the instigation and request of the defendants, by whom they were employed, forcibly broke and entered the dwelling-house of the plaintiff in Somerville, and violently assaulted the plaintiff by striking him a violent blow on the head with a dangerous weapon, and also assaulted the plaintiff's wife and daughter. Answer, a general denial, and an amended answer alleging, if the defendants, by their agents or servants, "did assault in the manner alleged by the plaintiff, that said assault was justified by the acts of the plaintiff."

At the trial in the Superior Court, before *Hammond,* J., the jury returned a verdict for the plaintiff; and the defendants alleged exceptions, the material parts of which appear in the opinion.

*W. A. Morse,* for the defendants.

*M. F. Farrell,* for the plaintiff.

LATHROP, J. The declaration in this case is for breaking and entering the plaintiff's close; and it alleges further, in the same count, an assault upon the plaintiff by striking him on the head a violent blow with a dangerous weapon, and also assaults upon the plaintiff's wife and daughter. The answer is a general denial, and an amended answer alleges, if the defendants "did assault in the manner alleged by the plaintiff, that said assault was justified by the acts of the plaintiff."

No question of pleading is raised in the case, and we are not called upon to determine whether the alleged assaults upon the plaintiff and his wife and daughter can be considered as distinct charges of injuries, or merely as matters in aggravation of damages. See *Sampson* v. *Henry*, 13 Pick. 36 ; *Eames* v. *Prentice*, 8 Cush. 337.

That the defendant in an action for an assault, if he seeks to justify the assault, must set up such defence in his answer, and that a general denial only is not enough, is well settled. See *Hathaway* v. *Hatchard*, 160 Mass. 296, 297, and cases cited. To say that the assault was justified by the acts of the plaintiff seems very insufficient. But as no objection was taken to the form of the answer, we do not dwell upon it.

It appears from the bill of exceptions that the plaintiff had hired of the defendants certain articles of furniture, for which he had paid as rent the sum of five dollars, and promised to pay the further sum of one dollar a week until the sums paid should amount to the sum of $31.29, and such further sums as might be added to this amount by the plaintiff, at which time the rent was to cease, and the articles become the absolute property of the plaintiff. The agreement, which was in writing and signed by the plaintiff, described him as of 79 Broadway, Chelsea, and contained these clauses :

" But in case of failure to pay said rent as aforesaid, the said C. H. Robinson & Co., or their agents, may, without demand or notice, or being deemed guilty of any trespass or tort, and without thereby rendering themselves liable to refund any sums received by them as rent aforesaid, enter any house or place where said articles may be, and take possession of and remove said articles therefrom.

" And I further agree that, so long as said rent shall be pay-

able as aforesaid, I will not injure, sell, mortgage, or relet the said articles, or remove the same from above mentioned place; and that in case of failure to pay the rent, I will, on demand, return said articles to the said C. H. Robinson & Co., or their legal representatives."

It is very clear that a breach of the clause last cited by a removal of the furniture gave the defendants no right to enter upon the land of the plaintiff, or to retake the furniture. The right to enter and remove the furniture is given only by the clause first cited, and this applies only in case of a failure to pay rent.

There is no doubt that the license to enter given by the plaintiff to the defendants was irrevocable. *Heath* v. *Randall*, 4 Cush. 195. *McNeal* v. *Emerson*, 15 Gray, 384. *Smith* v. *Hale*, 158 Mass. 178.

The only question of law raised in the case arises upon the defendants' request to the court to rule, as matter of law, that, upon the evidence, the entry of the defendants was reasonable and proper, and that the plaintiff could not maintain this action. This request was refused. The case was submitted to the jury with full instructions, not excepted to except so far as inconsistent with the above request; but the bill of exceptions does not set forth what instructions were given. Soon after the defendants' servants entered upon the plaintiff's premises, they attempted to remove the furniture, and were resisted by the plaintiff, and it was during this resistance that the assault complained of occurred. The defendants' servants did not succeed in obtaining the furniture, and it is still in the possession of the plaintiff.

It does not clearly appear from the exceptions that any rent was due at the time of the entry. The statement is, "It was agreed that there was still a balance unpaid upon said contract." This may refer to the time of the entry, or to the time of the trial. The exceptions tend also to show that the entry was made because the plaintiff had removed the goods, and because of the failure of the plaintiff to settle the account when demanded. This may, and probably does, mean that, after the removal of the furniture, the defendants demanded a settlement of the entire account. But there is nothing in the contract

which gives the right to the defendants to demand a settlement of the entire account upon a removal, or to enter and remove the furniture, if the plaintiff paid the rent which he agreed to pay.

The case, however, has been argued by both sides upon the supposition that there was a right of entry for failure on the part of the plaintiff to pay rent; and we proceed to consider the case upon this supposition.

We are met at the outset with the question, What is the rule of law applicable to the conduct of a person who has a right to enter upon the land of another ? The plaintiff contends that the defendants had no right to use personal violence when resisted; that they could not enforce their rights by a breach of the peace ; and that, upon being resisted, they should have desisted and resorted to legal remedies. The defendants, on the other hand, contend that, having a right to enter and remove the furniture, they were entitled to use such force as was necessary; and that they are only liable in case they used excessive force.

The plaintiff's views are in accordance with a dictum of Mr. Justice Wilde in *Sampson* v. *Henry*, 11 Pick. 379, and with the remarks of Mr. Justice Morton in *Churchill* v. *Hulbert*, 110 Mass. 42, and with a dictum of Mr. Justice Ames in *Drury* v. *Hervey*, 126 Mass. 519, which follow and rely upon the dictum in *Sampson* v. *Henry*. This dictum, however, was held not to be a correct statement of the law, after full consideration, in *Low* v. *Elwell*, 121 Mass. 309. And that case must be considered as settling the law in this Commonwealth, that a person who has a right to enter upon the land of another and there do an act may use what force is required for the purpose, without being liable to an action. If he commits a breach of the peace, he is liable to the Commonwealth. If he uses excessive force, he is liable to a personal action for an assault. This case has been affirmed in *Coughlin* v. *Gray*, 131 Mass. 56 ; in *Stone* v. *Lahey*, 133 Mass. 426 ; and in *Twombly* v. *Monroe*, 136 Mass. 464.

The case of *Commonwealth* v. *Haley*, 4 Allen, 318, cited by the plaintiff, was, as said by Chief Justice Gray in *Low* v. *Elwell*, " upon an indictment for forcible entry, and no opinion was required or expressed as to the landlord's liability to a civil action."

The case of *Churchill* v. *Hulbert*, 110 Mass. 42, was one where clearly excessive force was used, and the remarks of Mr. Justice Morton, in delivering the opinion of the court, " If it be assumed, therefore, that the defendant had an irrevocable license to enter the plaintiff's premises, yet upon being resisted it was his duty to desist from his attempt to enter, and resort to his legal remedies," are based upon the cases of *Sampson* v. *Henry*, and *Commonwealth* v. *Haley*, and are inconsistent with the subsequent cases.

In *Drury* v. *Hervey*, 126 Mass. 519, which was an action of tort for an assault, the plaintiff had no contractual relations with the defendant. The tenant of two rooms in the house which the plaintiff occupied undertook to give the defendant a right to enter and take a chattel in case the tenant did not pay for it as agreed. The remarks of Mr. Justice Ames, in the beginning of the opinion, based upon *Sampson* v. *Henry* and *Churchill* v. *Hulbert*, that, as a general rule, a right to enter is not to be enforced at the expense of a breach of the peace, cannot, since the decision of *Low* v. *Elwell*, be considered as having any bearing, where the right to enter is given by a person having entire control of the premises. Nor do we think that the court intended in any way to discredit the rule laid down in *Low* v. *Elwell*, for the reasoning of the court in favor of the plaintiff on this branch of the case proceeds upon the ground that the plaintiff, in resisting the efforts of the defendant's servants to enter the house, had no reason to know or believe, other than their unsupported word, that the strangers who were seeking admission had any right whatever to go to the tenant's room to take away furniture in his absence; that it was reasonable for her to ask them to wait until he returned; and that under such circumstances she had a right to resist their entrance.

We are of opinion, therefore, that the contention of the defendants presents a correct view of the law.

The remaining question is whether there was evidence of the use of excessive force on the part of the defendants' servants proper to be submitted to the jury. We are of opinion that there was.

There was evidence that, when one of the defendants' ser-

vants knocked at the outside door, and it was opened by the plaintiff's daughter, these servants rushed into the house in a violent and rude manner, throwing the girl back on the stairs, and frightening her; that afterwards one of these servants went around to the rear of the house and opened a window, jumped into the house, and pushed the plaintiff's wife violently against the side of the house; that when the plaintiff arrived he found these servants sitting down in the parlor; that he asked them why they were there and what they wanted, and opened the doors, and requested them to go out, and they made no reply; that he then went to the kitchen and got a rolling-pin, and returned into the room where the men were; and that thereupon one of them seized him by the arm, and another of them wrested the rolling-pin from him, "and committed the assault as complained of."

It is impossible, on this evidence, to say that there was no evidence of excessive force. The ruling requested by the defendants was therefore rightly refused; and the entry must be

*Exceptions overruled.*