CHARLES E. JACKSON *vs.* CLARENCE H. KNOWLTON
& another.

Suffolk.   November 18, 1898. — March 4, 1899.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Illegal Arrest and Imprisonment — Burden of Proof.*

In an action for an illegal arrest and imprisonment the burden is on the defendant to prove justification.

TORT, for an illegal arrest and imprisonment.  At the trial in the Superior Court, before *Sherman,* J., the jury returned a verdict for the defendants ; and the plaintiff alleged exceptions, which appear in the opinion.

*W. H. Baker,* for the plaintiff.

*F. R. Bangs,* for the defendants.

LATHROP, J.  It appears from the bill of exceptions that the plaintiff was arrested and imprisoned by the defendants, who were police officers, and who acted without a warrant.  The only question of law raised in the case was whether the burden of proof was on the plaintiff to show that the arrest and imprisonment were not justified, by proving that the defendants did not have probable cause to believe the plaintiff guilty of a felony, or whether the burden was on the defendants to justify their actions.  This matter was clearly called to the attention of the judge by the counsel in their arguments, and, although no specific request for a ruling was made, we are of opinion that, if the judge ruled incorrectly on the question of the burden of proof, the plaintiff had a right, at the close of the charge, to call the attention of the judge to the matter, and save an exception.

The jury were instructed that the burden of proof, by a fair preponderance of the evidence, was upon the plaintiff to show that " the defendants did not have, at the time of the arrest and imprisonment, probable cause to believe that the plaintiff was guilty of a felony."  We are of opinion that this instruction was wrong, and that the jury should have been instructed in accordance with the plaintiff's contention.  It was long ago

said by Lord Mansfield, " A gaoler if he has a prisoner in custody is *prima facie* guilty of an imprisonment ; and therefore must justify." *Badkin* v. *Powell*, Cowp. 476, 478. So in *Holroyd* v. *Doncaster*, 11 Moore, 440, and 3 Bing. 492, it was said by Chief Justice Best, " Where a man deprives another of his liberty, the injured party is entitled to maintain an action for false imprisonment, and it is for the defendant to justify his proceeding by showing that he had legal authority for doing that which he had done."

The precise point involved in this case was decided in favor of the plaintiff's contention in *Bassett* v. *Porter*, 10 Cush. 418, in which it was said by Mr. Justice Metcalf, in delivering the opinion of the court, " Every imprisonment of a man is *prima facie* a trespass ; and in an action to recover damages therefor, if the imprisonment is proved or admitted, the burden of justifying it is on the defendant." This case has not been overruled or questioned in this Commonwealth.

The same rule prevails in an action for an assault. If the assault is admitted or proved, the burden is on the defendant to prove justification. *St. John* v. *Eastern Railroad*, 1 Allen, 544. *Blake* v. *Damon*, 103 Mass. 199. *Hathaway* v. *Hatchard*, 160 Mass. 296. *Lambert* v. *Robinson*, 162 Mass. 34.

It remains to consider the cases cited by the defendants. The case of *Mitchell* v. *Wall*, 111 Mass. 492, which is called an action for malicious arrest and false imprisonment, and that of *Legallee* v. *Blaisdell*, 134 Mass. 473, which is called an action for a malicious arrest, were both tried on the theory that they were actions for malicious prosecution, and the language in both opinions as to the burden of proof must be viewed in this light. Indeed, in neither case was any question made as to the burden of proof by the excepting party, as appears from the briefs which we have examined. When it is said that the action is for a malicious arrest, the ordinary meaning is that the action is one for malicious prosecution. See *Cardival* v. *Smith*, 109 Mass. 158.

Where, as in *Legallee* v. *Blaisdell, ubi supra*, an arrest is made on an execution duly issued by a court having jurisdiction of the parties, the remedy is not by an action for the arrest or for false imprisonment, but by an action for malicious prosecution. *Barker* v. *Stetson*, 7 Gray, 53. *Coupal* v. *Ward*, 106

Mass. 289. *Mullen* v. *Brown*, 138 Mass. 114. *Langford* v. *Boston & Albany Railroad*, 144 Mass. 431. *Everett* v. *Henderson*, 146 Mass. 89, 93. *Connery* v. *Manning*, 163 Mass. 44. *Morrow* v. *Wheeler & Wilson Manuf. Co.* 165 Mass. 349. When, therefore, it was said by Chief Justice Morton, in *Legallee* v. *Blaisdell*, " To maintain the action, the burden is on the plaintiff to prove that, at the time the defendant procured the arrest, he had no probable cause to believe that the plaintiff intended to leave the State," it is evident that he understood the case to be one of malicious prosecution, as he stated the familar rule in such cases. Thus, in *Bacon* v. *Towne*, 4 Cush. 217, 237, it was said by Chief Justice Shaw, " The plaintiff must, undoubtedly, prove his case, a material averment of which is, that the prosecution was commenced without reasonable or probable cause, and the proof of this, though a negative proposition, lies on the plaintiff." See also *Parker* v. *Huntington*, 2 Gray, 124, 128; *Kidder* v. *Parkhurst*, 3 Allen, 393, 396; *Good* v. *French*, 115 Mass. 201, 203; *Falvey* v. *Faxon*, 143 Mass. 284; *Ellis* v. *Simonds*, 168 Mass. 316, 325.

The remaining cases cited by the defendants are *Lister* v. *Perryman*, L. R. 4 H. L. 521, and *Howard* v. *Clarke*, 20 Q. B. D. 558. In the former case, which was for a malicious prosecution, no question arose as to the burden of proof, although the rule was stated by Lord Colonsay on page 542. In the latter case, which was for false imprisonment, nothing was said as to the burden of proof. The question discussed arose under the Pawnbrokers Act of 1872, 35 & 36 Vict. c. 93, § 34. The case throws no light upon the one before us.

The declaration in the case before us merely alleges that the defendants on a certain day falsely arrested the plaintiff upon a criminal charge, took him to the police station, and thereby unlawfully kept and detained him without warrant or right. The answer, in addition to a general denial, sets forth that the defendants were police officers, " and, if they in any way interfered with the person or liberty of the plaintiff, they did so by virtue of their authority and pursuant to their duty as such police officers, for reasonable and probable cause, without malice, and in a reasonable and proper manner." The issue as to probable cause arose, therefore, upon what would at common law be a plea

of justification ; and the burden was on the defendants to establish their plea.

As there must be a new trial, it may be well to notice that the answer is not in strict accordance with the law governing peace officers, whose powers police officers have.   The law, as stated by Chief Justice Shaw in *Commonwealth* v. *Carey*, 12 Cush. 246, 251, is that a peace officer has a right to make an arrest, if " he has reasonable ground to believe that the accused has been guilty of felony."   In stating the rule the word " suspect " is generally used instead of " believe."   *Commonwealth* v. *McLaughlin*, 12 Cush. 615.   *Rohan* v. *Sawin*, 5 Cush. 281, where the rule is fully discussed.   *Scott* v. *Eldridge*, 154 Mass. 25, 26. 2 Am. & Eng. Encyc. of Law, (2d ed.) 870, where the English and American authorities are collected.

*Exceptions sustained.*