# W. T. WALKER FURNITURE COMPANY *v.* DYSON.

OBJECTIONS AND EXCEPTIONS; TRIAL; CONTRACTS; LICENSE; SALES.

1. An exception to the trial court's charge to the jury and to each part thereof, "on the ground that the same is contrary to law," is too general to avail the exceptant on appeal. (Following *McDermott* v. *Severe*, 25 App. D. C. 276, affirmed in 202 U. S. 600, 50 L. ed. 1162, 26 Sup. Ct. Rep. 709; *Brown* v. *Savings Bank*, 28 App. D. C. 351, and *District of Columbia* v. *Duryee*, 29 App. D. C. 327, 10 A. & E. Ann. Cas. 675.)

2. A clause in a contract of conditional sale authorizing the vendor to enter the premises of the vendee and take possession of the goods mentioned in the contract upon a breach thereof, constitutes an irrevocable license coupled with an interest; and where the vendor, upon a breach by the vendee, enters the latter's premises and takes the goods, using only such force as is reasonably necessary to overcome the resistance wrongfully interposed by the vendee, an action of trespass by the vendee against the vendor for the seizure will not lie.

No. 1906.   Submitted October 16, 1908.   Decided November 4, 1908.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, on verdict, in an action of trespass.                    *Reversed.*

The COURT in the opinion stated the facts as follows:

This is a suit in trespass on a declaration in which plaintiff, William H. Dyson, averred that, on May 25, 1906, he was the

owner and possessor of certain household goods and furniture then lawfully in his possession and daily use in his dwelling house and home in this city, and that the defendant, the W. T. Walker Furniture Company, a corporation, through its officers, agents, and employees, on that day with force and arms wrongfully came upon said premises and into said dwelling house and home and wrongfully and unlawfully took and carried away said furniture.

The defendant interposed a plea of not guilty, and also averred a conditional sale between it and the plaintiff under the terms of which the goods mentioned in the plaintiff's declaration were the property of the appellant, the title to said goods being reserved until plaintiff had paid the stipulated sum of $66 for all of said goods, and that the amount then paid was $53, leaving a balance due of $13; that, under the terms of said conditional sale, the defendant was authorized and empowered to take possession of said goods and remove the same, and retain as rent for said goods all moneys theretofore paid on said contract by the plaintiff; that plaintiff in said contract agreed to "waive, relinquish, and release any trespass and right of action for damages whatsoever, which he could or might have against the defendant by reason of any matter or thing done in obtaining possession of said chattels."

The evidence of the plaintiff tended to show full payment for the furniture and compliance with the terms of the contract, and that the defendant's agents forcibly entered and carried away most of said furniture.

The defendant introduced the contract described in its plea, and its evidence tended to show a balance due under the contract, and that no more force was used in retaking the furniture than was reasonably necessary.

The plaintiff obtained a verdict and judgment in the sum of $171.25, and defendant appealed.

*Mr. Lorenzo Bailey* for the appellant.

*Mr. R. B. Dickey* and *Mr. John Ridout,* for the appellee:

Such contracts as the one here in question contemplate a peaceable entry, and, if resistance is offered, the vendor must resort to the courts for redress. *White Sewing Mach. Co.* v. *Connor* (Ky.), 64 S. W. 841; 24 Minn. 176; 120 Pa. 109; *Sampson* v. *Henry,* 11 Pick. 376; *Churchill* v. *Hulbert,* 110 Mass. 42; *Heath* v. *Randall,* 4 Cush. 195; *Drury* v. *Hurvey,* 126 Mass. 519; *Sherman* v. *Jackson,* 415 Ind. 459.

Mr. Justice ROBB delivered the opinion of the Court:

At the close of the court's charge to the jury the defendant excepted to each part thereof "on the ground that the same was contrary to law." This exception was clearly too general to avail the defendant here. He should have stated the specific grounds for his exceptions, and thereby given the trial court an opportunity to pass upon them. If parties are to be permitted to avail themselves of such general exceptions, it is apparent that a reversal of a case may be asked on grounds not suggested to or considered by the trial court. This question has so recently been adverted to that it is not necessary to pursue it further here. *McDermott* v. *Severe,* 202 U. S. 600, 50 L. ed. 1162, 26 Sup. Ct. Rep. 709, affirming 25 App. D. C. 276; *Brown* v. *Savings Bank,* 28 App. D. C. 353; *District of Columbia* v. *Duryee,* 29 App. D. C. 327, 10 A. & E. Ann. Cas. 675.

The appellant specifies as error the refusal of the trial court to instruct the jury "that if, upon all the evidence, they believed that the goods taken by the defendant's employees were part of the goods received by the plaintiff from the defendant under the contract mentioned in the testimony, and that at the time of such taking the plaintiff had paid under said contract not more than $56, and that, in entering the plaintiff's house and in the taking and removal therefrom of said goods by the defendant's employees, they had used only such force as was reasonable and necessary, the verdict should be for the defendant."

That the clause in the contract authorizing the vendor to enter the premises of the vendee and take possession of and remove the goods mentioned in the contract, upon a breach of the terms thereof, constituted an irrevocable license coupled with an interest, is not open to question. The question, therefore, for determination is whether one who has given such a license can recover in trespass in a case where he wrongfully interposed resistance, and the vendor used only such force as was reasonably necessary in overcoming such resistance.

In the early case of *Wood* v. *Manley,* 11 Ad. & El. 34, the plaintiff sold a quantity of hay then on his land to the defendant with license to enter and take the same. Subsequently plaintiff served upon defendant a written notice not to enter or commit any trespass on plaintiff's premises. The plaintiff having locked his gate, the defendant broke open the same, entered, and carried away the hay. Lord Denman, Ch. J., in passing upon the case, said: "Mr. Crowder's argument goes this length; That, if I sell goods to a party who is, by the terms of the sale, to be permitted to come and take them, and he pays me, I may afterwards refuse to let him take them. The law countenances nothing so absurd as this; a license thus given and acted upon is irrevocable."

*Hodgeden* v. *Hubbard,* 18 Vt. 504, 46 Am. Dec. 167, was an action for assault and battery brought by one who had fraudulently obtained possession of certain personal property, and from whom such property had been forcibly retaken by agents of the vendor. The court said: "Whoever is guilty of a breach of the peace, or of doing unnecessary violence to the person of another, although it may be in the assertion of an unquestioned and undoubted right, is liable to be prosecuted therefor. But the fraudulent possessor is not the protector of the public interest. * * * The plaintiff had no lawful possession, nor any right to resist the attempt of the defendants to regain the property, of which he had unlawfully and fraudulently obtained the possession. By drawing his knife he became the aggressor, inasmuch as he had no right thus to protect his fraudulent attempt to acquire the stove, and the possession of the same, and

it was the right of the defendants to hold him by force, and, if they made use of no unnecessary violence, they were justified; if they were guilty of more, they were liable."

In *Walsh* v. *Taylor,* 39 Md. 592, the facts were quite similar to the facts in this case. The court said: "The contract, the construction of which was for the court, plainly gave the defendant an irrevocable license, or, rather, a license coupled with an interest; and, as such, the plaintiff could not withdraw from it, and hold the defendant as a trespasser for doing what she had agreed he might do with impunity."

*Lambert* v. *Robinson,* 162 Mass. 34, 44 Am. St. Rep. 326, 37 N. E. 753, was an action in tort for entering and breaking plaintiff's close, and for assault. The plaintiff was in possession of certain articles of household furniture under an agreement the terms of which were similar to the terms of the agreement in the present case. The acts complained of were committed by the defendants in retaking the furniture. The court ruled that the defendants having a right to enter and remove the furniture were entitled to use such force as was reasonably necessary, and that they were only liable in case they used excessive force; and "that a person who has a right to enter upon the land of another and there do an act may use what force is required for the purpose, without being liable to an action. If he commits a breach of the peace, he is liable to the commonwealth. If he uses excessive force, he is liable to a personal action for an assault."

To the same effect are *White* v. *Elwell,* 48 Me. 360, 77 Am. Dec. 231, and *Willoughby* v. *Northeastern R. Co.* 32 S. C. 410, 11 S. E. 339.

Jones, in his treatise on Landlord & Tenant, at paragraph 558, says: "It may be stated as a general rule that, though an entry by force might subject a landlord to penalties for a breach of the law criminally, it confers no right of action on the tenant thus holding without any right of possession." (¶ 561.) "The Colorado statute takes away the right that existed at common law to make entry by force, although the right to possession may exist. Yet a license reserved in the lease to make such an

entry does not contravene the statute, and under such a provision the landlord may enter and remove a tenant upon condition broken, if he use no unnecessary force to accomplish his purpose." The same author alludes to the rulings in *Ambrose* v. *Root,* 11 Ill. 497, 52 Am. Dec. 456, and *Fahri* v. *Bryan,* 80 Ill. 182, to the effect that, although courts will not lend their aid to enforce a contract to accomplish something prohibted by law, an agreement authorizing an entry without liability as a trespasser for the use of force is not an agreement to do an unlawful act; and that a party acting under such a contract would be liable criminally for a breach of the peace, but not liable in a civil action for assault and battery.

In this case the plaintiff authorized the defendant to retake the goods in the plaintiff's possession upon a breach of the conditions of the contract. If the jury should find that a breach of the contract had occurred, and that the defendant used only such force as was reasonably necessary in overcoming the resistance the plaintiff thus wrongfully interposed, the plaintiff is not entitled to recover in this action. If, on the other hand, the jury should determine that there had been no breach of the terms of the contract, and that the plaintiff had paid for the furniture, then the defendant was a trespasser and liable to respond in damages.

Such contracts are burdensome and often oppressive, but, in the absence of fraud, the vendee is himself responsible for the situation, for he signed the contract. The liability to criminal prosecution and the certainty of being required to respond in damages for an abuse of the license thus obtained, will deter vendors from the use of force.

The defendant was entitled to the instruction requested, and therefore the judgment must be reversed, with costs, and the case remanded for a new trial.                    *Reversed.*