MISSOURI PACIFIC RAILROAD COMPANY *v.* YANCEY.

Opinion delivered December 23, 1929.

*E. B. Kinsworthy* and *R. E. Wiley,* for appellant.

*E. P. Toney, N. B. Scott* and *Golden & Golden,* for appellee.

HART, C. J., (after stating the facts). The first assignment of error is that the testimony is not legally sufficient to warrant the verdict. A comparison of the testimony abstracted above with that proved upon the former trial will show that the testimony is at least as strong for the plaintiff as it was on the first trial of the case. We there held that the testimony was legally sufficient to warrant the verdict, and this is the law of the case upon this appeal.

The next assignment of error is that the court erred in giving instruction No. 5, which reads as follows:

"The court instructs the jury that if it should find from the evidence that White and Brownlaw, without any warrant, arrested plaintiff, and kept him in prison for any length of time, and that such action was without probable cause, and that said White and Brownlaw at the time of making said arrest were acting for the defendant and within the scope of their authority, then the jury should find for the plaintiff. Even though the jury should believe that defendant's said agents had probable cause

for making the arrest and were acting within the scope of their employment, still it was their duty to use reasonable diligence in making other investigation, and if the jury should believe from the evidence that, after they had obtained the information, or could have reasonably obtained such, which would have dispelled their belief in the probable guilt of plaintiff, they detained such plaintiff in the city prison of McGehee, without cause, then you should find for the plaintiff.''

We do not think that the court erred in giving this instruction. According to the testimony for the plaintiff, he was arrested by White, a special agent of the railroad company, because he was suspected of having broken into a merchandise freight car of the company a few nights before. White testified that he had a right to arrest persons under such circumstances. Yancey was arrested by White, and taken to the city marshal to be confined in jail, about eleven-thirty at night. A little while thereafter White returned to the jail and questioned Yancey. The latter was then locked up again, and about the middle of the next morning White and another special agent of the railroad company took Yancey out of jail for the purpose of questioning him. It is also inferable from the plaintiff's testimony that they caused an investigation to be made of his whereabouts on the night of the former robbery, and found out that they were at a dance at the time it occurred. Then they ordered the release of Yancey from jail.

If defendant, by its agent, unlawfully caused Yancey's arrest and incarceration in jail, it was a continuing tort, for the consequences of which the defendant was responsible until, by its agent, Yancey was released about dark on the 17th day of January, 1928. The unlawful imprisonment, if it was such, did not end when Yancey was turned over to the city marshal, but continued during his confinement in jail and up to his release on the

evening of the next day. Hence we do not think that the instruction complained of was erroneous.

It is next insisted that the court erred in placing the burden of proof upon the defendant to show by a preponderance of the evidence that its agents had arrested Yancey at the request of the officers of the city of McGehee, and that any private citizen had a right without a warrant to arrest another when he has probable cause to believe that a felony has been committed by the person to be arrested. The court had already instructed the jury that the burden was upon Yancey to show that White, as special agent for the railroad company, in making the arrest and causing the imprisonment of Yancey was acting within the scope of his authority, real or apparent, as held in *St. Louis I. M. & S. R. Co.* v. *Sims,* 106 Ark. 109, 152 S. W. 985. The undisputed evidence shows that White arrested Yancey. The theory of the railroad company was that White arrested him, not because he was suspected of having broken into one of the box-cars of the railroad company which contained merchandise, but that he arrested him at the request of the town marshal because he was suspected of having broken into some houses in the city of McGehee a short time before.

We do not think the court erred in giving this instruction. The action was one for false imprisonment, and, the arrest having been proved by the undisputed evidence, the burden was upon the defendant to show that it was by authority of law. *McAleer* v. *Good,* 216 Pa. 473, 65 Atl. 934, 10 L. R. A. (N. S.) 303, and cases cited.

Every imprisonment of a man is a trespass; and in an action to recover damages therefor, if the imprisonment is proved or admitted, the burden of justifying it is on the defendant. *Bassett* v. *Porter,* 10 Cush. (Mass.) 418; *Jackson* v. *Knowlton,* 173 Mass. 94, 53 N. E. 134; and *Snead* v. *Bonnoil,* 166 N. Y. 325, 59 N. E. 879.

The last assignment of error is that a verdict of $3,000 is excessive. We cannot agree in this contention, if the facts testified to by the plaintiff were believed by the jury. The plaintiff testified that he was compelled to walk by the station with his hands up, in the presence of a crowd of people, in a community where he was well known, and he was placed in a cold jail, without any fire, while the weather was cold and disagreeable; that he was twice taken out of jail and questioned about a felony which he did not commit; that he was not given anything to eat at all while he was in jail, and that the jail was filthy. Plaintiff further testified that he contracted a bad cold by reason of his imprisonment, and that this finally resulted in him having tuberculosis. The condition of the jail and the allegation that he had contracted tuberculosis by reason of his confinement there were put in issue by an amendment to his complaint before the case proceeded to trial. The plaintiff in an action for false imprisonment may show the condition of the jail in which he was confined and the treatment he received therein as an element of damages he had sustained. *Grimes* v. *Greenplatt,* 47 Col. 495, 19 Ann. Cas. 608, and *Spain* v. *Oregon-Washington Rd. & Navigation Co.,* 78 Ore. 355, 153 Pac. 470, Ann. Cas. 1917E, 1104. Hence we hold that this assignment of error is not well taken.

We find no reversible error in the record, and the judgment will be affirmed.

BUTLER, J., not participating.