LAFLIN *v.* INTERSTATE CONSTRUCTION COMPANY.

Opinion delivered June 23, 1930.

*W. N. Martin* and *Alley & Olney,* for appellant.

*Minor Pipkin, Daily & Woods* and *C. W. Knott,* for appellee.

BUTLER, J. The appellant brought suit in the Polk Circuit Court for alleged damages for trespass of land owned by her. The case was submitted to a jury under proper instructions and on conflicting testimony. From a verdict and judgment adverse to her, appellant has prosecuted this appeal on the ground that the court should have directed a verdict in her favor under the undisputed facts in the case, because under any view of the testimony, she would be entitled to nominal damages.

It is well settled that in the absence of a showing of actual damages a judgment will not be reversed and remanded because of a technical evasion of some right which would result in the assessment of nominal damages.

The proof is undisputed that the appellant was the owner of the land over which the highway was built, and that a small house was occupied for a time as a blacksmith shop by the persons building the highway. There is testimony on behalf of the appellant tending to show that the house was damaged by the appellee in the construction operations and her husband, who testified as her agent, testified that the damage amounted to as much as $600. There was also some testimony to the effect that some rock had been piled on appellant's land and brush and stumps taken from the right-of-way and burned, the fire from which spread to, and damaged some young timber; also, that a quantity of rock was taken from the appellant's land and used in the construction of the highway and forest roads cut through her timber for the purpose of moving rock from her lands; that a stone crushing equipment was installed upon said land without appellant's consent and was operated thereon and a quantity of broken rock left near the place where it was situated, but it was not shown in what particular or to what extent the appellant's land was damaged by the alleged unauthorized acts of appellee.

The testimony of the appellee tended to show that the stone crushing outfit was situated on a public road which ran through the land of the appellant, and that the rock used was taken from said road and the residue left from the operation of the crusher amounted to only a small quantity, and this also was on the said road; that all the stumps, timber and brush removed in the construction of the highway were placed on the edge of the right-of-way and there burned at a time designated by the Federal officials in charge of the preservation of the nearby forests; that no stone was piled on the appellant's land but only small quantities were piled on the right-of-way; that no timber was destroyed by fire or otherwise, and that the house used for a time to shelter a forge was an old dilapidated structure having no value and that it was not damaged by any act of the appellee, or his employees.

All of the claims for actual damage were disputed, and this question having been submitted to the jury under proper instructions, their verdict is conclusive here, as they are the sole judges of the credibility of the witnesses and the weight to be accorded their testimony. Under the settled rule the verdict of the jury will not be disturbed in such a state of case. But there is no dispute that there was an unauthorized occupation of appellant's property, and, while there will be no remand for a new trial, under the authority of *Crutcher* v. *Choctaw, O. & G. R. R. Co.*, 74 Ark. 358, 85 S. W. 770, the judgment will be reversed and judgment entered here for appellant for all the costs, including that of this appeal. It is so ordered.