WELLS *v.* ADAMS.

5-2256                                              340 S. W. 2d 572

Opinion delivered December 12, 1960.

*Tom Gentry* and *William H. Donham,* for appellant.

*Mann & McCulloch* and *E. J. Butler,* for appellee.

J. SEABORN HOLT, Associate Justice.   This is an action for damages for alleged false arrest and false imprisonment.   A trial resulted in a judgment for the defendants [appellees here] and this appeal followed. The evidence reveals that the appellant, Mrs. Ruby A. Wells, and her late husband, L. L. Wells, were doing business as the "Arkansas Tastee Freez Company," and

as such entered into a franchise agreement with the Harlee Manufacturing Company of Chicago, Illinois. Under the terms of this agreement, Mr. and Mrs. Wells were granted the exclusive privilege for the sale and distribution of Harlee Ice Cream Freezers in a designated territory in Arkansas which included St. Francis County. In addition, the Wells were entitled to lease one Harlee automatic ice cream feeder, a dispensing device, for each ice cream freezer sold in the territory. The Wells, in turn, sold ice cream freezers and leased automatic ice cream feeders in their designated area to individual proprietors of dairy stands who catered to the public by selling ice cream. One of the conditions upon which the feeders were leased by the Wells was that only an ice cream mix known by the trade name of "Tastee Freeze" would be used in the feeders and that violation of the terms of the condition would entitle the Wells, without notice or legal action of any kind, to take possession of the feeders free and clear of any claim of the lessee. In 1953, Mr. Charles Adams procured equipment from Mr. Wells to set up a dairy stand in the town of Hughes. Included in the equipment was an automatic ice cream feeder. At the trial it was contended by Mrs. Wells that the feeder was leased; Adams, on the other hand, maintained that he purchased the feeder from Mr. Wells. Another provision under which the feeders were leased, was that they would be serviced by appellant, Wells. On June 13, 1958, Mrs. Wells testified that she was in the town of Hughes to service the feeder, having received a complaint from Adams that the feeder was not working properly. During the course of inspecting the machine and repairing it, Mrs. Wells discovered that an ice cream mix other than "Tastee Freez" was being used in the feeder contrary to the express provisions of her alleged agreement. Upon discovery of this fact, Mrs. Wells informed the attendant at the stand that she would have to take the feeder with her and loaded it in her car. Shortly thereafter, Adams was notified of what had happened by one of his employees and upon receiving this information, he radioed the city police from his car and an officer, Wil-

liam L. Harris, was dispatched to aid Adams in the search for Mrs. Wells. Mrs. Wells was located, and though the record is in dispute, it appears that she either voluntarily or involuntarily went to the City Hall and either voluntarily or involuntarily remained there for some two and one-half to three hours while attempting to call her attorney. Mrs. Wells testified that she was released when she removed the keys to her car from her bosom where she had secreted them. The keys were taken, a search made of her car, and the feeder recovered. As indicated, Mrs. Wells filed the present suit alleging in her complaint that she was falsely arrested and falsely imprisoned and prayed that she be awarded damages.

Appellees answered with a general denial. Trial was had before a jury and a verdict returned in favor of the defendants [appellees]. This appeal followed.

The sufficiency of the evidence to support the verdict is not an issue on this appeal since appellant, Mrs. Wells, admitted that the evidence was sufficient to support the jury's finding that she was not falsely imprisoned but for reversal she relies on the following points: "I. The court erred in giving defendants' Instruction No. 1 and refusing to give plaintiff's requested Instruction No. 5. II. The court erred in giving plaintiff's requested Instruction No. 3, as modified by the court. III. The court erred in allowing the introduction of defendants' exhibits No. 7 and No. 8."

-I-

We have reached the conclusion that appellant is correct in her first contention above that the trial court erred in giving Instruction No. 1 over her objections. This instruction contained this provision: "You are instructed that false imprisonment is a trespass committed against the person of another by unlawfully arresting and detaining him without any legal authority, or by instigating such unlawful arrest. It must be proved that the arrest was without legal authority before an action can be founded upon a false imprisonment." We

hold that the vice in the above instruction lies in the language of the last sentence which clearly imposed the burden on the plaintiff [Mrs. Wells] of not only proving imprisonment but also the burden of proving that the imprisonment was unlawful. We think that this instruction is in conflict with our holding in *Missouri Pacific Railroad Company* v. *Yancey,* 180 Ark. 684, 22 S. W. 2d 408, where we said: ''* * * The action was one for false imprisonment, and, the arrest having been proved by the undisputed evidence, the burden was upon the defendant to show that it was by authority of law. Every imprisonment of a man is a trespass; and in an action to recover damages therefor, if the imprisonment is proved or admitted, the burden of justifying it is on the defendant. [appellees here] Citing cases.'' Also in support of this statement, the Supreme Court of Michigan in the case of *Elmer Burlingame Donovan* v. *James S. Guy and Edwin James Ward,* 347 Mich. 457, 80 N. W. 2d 190, said: ''As general proposition, it must be admitted that it is only necessary for the plaintiff, in action for false imprisonment, to show that he has been imprisoned or restrained of his liberty; the presumption then arises that he was unlawfully imprisoned, and it is for the person who has committed the trespass to show that it was legally justified.''

- II -

Appellant's next contention is that Instruction No. 3 of the plaintiffs [appellees] as modified by the court in which the court instructed the jury that if it found that the plaintiff [Mrs. Wells] had been imprisoned and had suffered damages thereby, they would be justified in awarding such damages. The appellant says that false imprisonment is a trespass and every trespass carries with it at least nominal damages to which she was entitled. While this seems to be a correct statement of the law, this court has many times held that we would not reverse for failure to award nominal damages. *Yampert* v. *Johnson,* 54 Ark. 165, 15 S. W. 363, *Laflin* v. *Interstate Construction Company,* 181 Ark. 1110, 29 S. W. 2d 280, *Brown* v. *Bradford,* 175 Ark. 823, 1 S. W. 2d 14.

## - III -

The third point urged for reversal is that the trial court erred in admitting in evidence a search warrant supplied by appellee, Adams, to show lack of malice and good faith on the part of appellees. Appellant insists that good faith and lack of malice must be specially plead and cannot be in issue on general denial. We do not agree. The plaintiff [appellant] put the issue of punitive damages in the case by her pleadings. Since exemplary or punitive damages are not allowed in this state without a showing of malice, wantonness, or lack of good faith, *Kroger Grocery & Baking Company* v. *Waller,* 208 Ark. 1063, 189 S. W. 2d 361, the appellees had the right to deny that part of appellant's complaint asking for punitive damages and by so doing, show that they acted in good faith and without malice. The search warrant and the affidavit for it, as going to show good faith, were properly admitted. In *Elrod* v. *Moss,* et al, 4 Cir., 278 F. 123, an invalid search warrant was held to be properly admitted to refute the charge of malice and show good faith on the part of the officers in a false imprisonment suit. The court there said: "The so-called John Doe search warrant in the possession of the defendant Gosnell as a federal officer, although properly held invalid by the court, was clearly admissible to refute the charge of malice and wantonness. The search warrant under which Moss acted, even if its period of validity had expired, was admissible for the same purpose." See also the case of *Richardson* v. *Huston,* 10 S. D. 484, 74 N. W. 234, where it was held the defendants were entitled to show under a general denial, all the facts and circumstances connected with an arrest in order to disprove the malice and thereby prevent a judgment for exemplary damages, and accordingly it was held error to exclude such evidence even though it might have some tendency to raise the defense of justification which had not been pleaded. To the same effect is *Adair* v. *Williams,* 24 Ariz. 422, 210 P. 853.

Accordingly, for error indicated the judgment is reversed and the cause remanded.