Charles BESNER, Appellant,

v.

Billy SMITH and Naomi Smith, Appellees.

No. 2922.

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 12, 1962.

Decided March 20, 1962.

---

George J. Hughes, Washington, D. C., with whom Charles Jay Pilzer, Harvey A. Jacobs, and Hubert M. Schlosberg, Washington, D. C., were on the brief, for appellant.

Isadore B. Katz, Washington, D. C., with whom James Shenos, Washington, D. C., was on the brief, for appellees.

Before HOOD, Chief Judge, QUINN, Associate Judge, and MYERS, Associate Judge of The Municipal Court for the District of Columbia, sitting by designation.

MYERS, Associate Judge.

Appellee Naomi Smith (hereinafter termed "wife") sued appellant Besner (hereinafter termed "seller") for wrongful repossession of a television and sought damages for fright, shock and mental suffering arising out of the alleged unlawful taking by seller's agent. Her husband, as coplaintiff, asked damages for loss of consortium. Seller filed a counterclaim against Billy Smith (hereinafter termed "husband") for a deficiency judgment due under a conditional sales contract after credit for resale of the set.

At the conclusion of all testimony, the trial judge overruled motions by the seller for directed verdicts in his favor on the complaint and on the counterclaim, submitting the three damage claims to the jury, which found for the seller on the husband's claim and in favor of the wife against the seller for $450. Seller's counterclaim was rejected. This appeal by the seller followed.

Both wife and husband have conceded that only the latter executed a conditional sales contract with the seller for the purchase of the television set, although the wife was familiar with its payment terms,[1]

---

1. The pertinent section of the conditional sales contract involved read: " * * * Title to said property shall not pass to Purchaser until all sums due under this contract are fully paid in cash. Time is of the essence of this contract, and if Purchaser default in complying with any of the terms hereof, Seller, at his option and without notice to Purchaser, may declare the whole amount unpaid hereunder immediately due and payable, or Seller may take immediate possession of said property without demand (possession after default being unlawful), including any equipment or accessories thereto, and for this purpose Seller may enter upon the premises where said property may be and remove the same. Seller may resell said property, so retaken, * * *."

and that at the time seller's agent entered their house, the husband was in default upon his payments. Their real complaint seems to be that seller's agent, *after* being admitted to the house by the wife, exhibited a *badge,* saying he was a "Marshal," and that this misrepresentation, plus the taking away of the set, caused her to be "nervous, scared and all upset"—although her testimony describes no ill effects at the time. In fact, while seller's agent waited, the wife endeavored to bring about settlement by talking to a "Mr. Snyder" over the telephone[2] and offering to make a small cash payment, which was rejected.

■ As it is uncontroverted that the husband was the purchaser of the television set, the wife had no cause of action for its alleged wrongful repossession. The husband alone had that right, but apparently he sought only damages for loss of consortium due to his wife's alleged injuries arising out of the charged illegal act. However, assuming he is also basing his action against the seller in part upon an illegal repossession, we find no evidence to support the same.

■ This court has had occasion in a previous case to pass upon the question of what constitutes a wrongful repossession of an article of merchandise from a purchaser's house in Virginia.[3] There the seller's agent broke into a locked house when the purchaser and his family were away. This was held to be an unauthorized entry and hence a trespass. In its decision the court recognized a case in this jurisdiction,[4] seemingly contrary to Virginia law, which held that the provision of the contract authorizing entry upon the premises for the purpose of retaking in case of default constituted an irrevocable license coupled with an interest and that a vendor having such a license might use such force as was reasonably necessary to overcome the resistance of the vendee unlawfully interposed. However, this court indicated in the Renaire case, supra, an accord with those cases that have held that a vendor who does not resort to legal process to obtain repossession of a chattel should not use force or violence to gain admission for that purpose but should exercise his right under the conditional sales contract only by peaceable entry. There is no implied right to use force to break in where the contract does not expressly authorize it. We reaffirm this principle.

The record fails to reveal any act done by seller's agent that he did not have a right to do under the contract in taking possession of and removing the set after default of the purchaser. After numerous written requests to pay the arrears, the husband finally told the seller that if he didn't pay the amount then due after a short period, he could come by the house and pick up the set. This the seller did. Any use of subterfuge, as claimed by the wife and denied by the seller's agent, did not diminish the legal right of seller to peaceably regain his own property unlawfully held. The wife does not disclaim that she admitted the seller's agent; she makes no charge that there was an assault upon her in the house or that force was used in entering or in taking and removing the set; and she raised no objection to its removal.

■ We are satisfied that neither the wife nor the husband established any cause of action against the seller for damages of any kind and that appellant was entitled to a directed verdict on the wife's claim for alleged injuries from a wrongful repossession.

■ Respecting the seller's counterclaim, his evidence, unrebutted by any tes-

2. The record is not clear as to when the wife discovered the true identity of seller's agent or when she became "nervous, scared and all upset" from his alleged misrepresentation.

3. Renaire Corp. v. Vaughn, D.C.Mun.App., 142 A.2d 148.

4. W. T. Walker Furniture Co. v. Dyson, 32 App.D.C. 90, 19 L.R.A.,N.S., 606.

timony from the husband, established that after lawful repossession the set was resold at current market value, for which the husband was given credit, leaving a balance of $177 due from him under the contract. With no issue of fact on this point, the seller was also entitled to a directed verdict and judgment against the husband for the deficiency.

Although other errors of law are charged by appellant, it is unnecessary to reach them in view of the disposition of this appeal.

Reversed with instructions to grant judgment in favor of appellant upon the claim of Naomi Smith; and judgment for appellant upon his counterclaim for $177 against appellee Billy Smith.