JAMES O. BORDEAUX, Respondent, v. HARTMAN
    FURNITURE AND CARPET COMPANY, Ap-
    pellant.

Kansas City Court of Appeals, December 4, 1905, and January 8,
1906.

1. **CHATTEL MORTGAGES: Default: License to Enter and Take.** Upon a default in a chattel mortgage the mortgagee is entitled to possession of the mortgaged property and has license to enter the mortgagor's premises and take such property.

2. ———: ———: ———: **Breach of the Peace.** The entry, however, must be made in a reasonably proper manner and without force or violence.

3. ———: ———: ———: ———: **Common Law.** Though there be no technical breach of the peace at common law, yet the caption may turn out to be forcible and not peaceable; so, where, after being forbidden to touch the property, the mortgagee sent two men to take the property, who were admitted by the wife in possession of the premises, and proceeded to take the property over her protest and cries, the entry invited a breach of the peace and was with force and violence and deserves unqualified censure. The rule cited in Herman on Chattel Mortgages, section 96, is disapproved.

4. ———: ———: **Overcharge: Instruction.** An instruction relating to alleged overcharges of mortgaged property which the evidence showed had been omitted, is held harmless.

5. ———: ———: **Notice Not to Take the Property: Instruction.** An instruction set out in the opinion and relating to the mortgagee's right under his license is criticised as prejudicial to both parties, since it condemned a taking after notice of the mortgagor not to take the mortgaged property, since such notice was not sufficient to prevent the mortgagor's taking the property if it could be accomplished peaceably; and also because it required the mortgagor to show that the taking had been accompanied by a breach of the peace.

6. ———: ———: **Seizing Property: Wife's Insanity.** It seems that a husband may maintain an action for damages resulting from the insanity of his wife caused by the unlawful taking of the mortgaged property.

7. **WITNESSES: Swearing Falsely: Instruction: Willfully.** An instruction relating to the false swearing of a witness is condemned by reason of the omission of the word "willful."

Bordeaux v. Hartman Co.

Appeal from Buchanan Circuit Court.—*Hon. Chesley A. Mosman,* Judge.

REVERSED AND REMANDED.

*Culver & Phillip* for appellant.

(1) After default, the mortgagor of personal property has no legal interest in the property. The mortgagee has the absolute title to the property, subject only to the mortgagor's equitable right to redeem it. Jackson v. Cunningham, 28 Mo. App. 354; White v. Quinlan, 30 Mo. App. 54; Lacey v. Wathen, 36 Mo. 320. (2) And where a chattel mortgage authorizes the mortgagee upon default to take possession of the mortgaged property and sell the same, the mortgagee has the right after condition is broken to enter the premises of the mortgagor and without his consent and against his will, to take possession of the property, provided he does so peaceably, and without violence or other breach of the public peace; and such taking being the exercise of a right will not constitute him a trespasser. 1 Cobbey on Chattel Mortgages, sec. 510; Kilpatrick v. Haley, 66 Fed. 133; 13 C. C. A. 480; McNeal v. Emerson, 15 Gray 384; Sterling v. Warden, 51 N. H. 217; Huppert v. Morrison, 27 Wis. 367 and 368; Edmondson v. Pollock, 5 Ohio Cir. Ct. Rep. 185; Braley v. Byrnes, 21 Minn. 482; Churchill v. Hurbert, 110 Mass. 42; Street v. Sinclair, 71 Ala. 110. (3) The court committed fatal error in giving instruction No. 7 for plaintiff. The word "willfully" is omitted. Jackson v. Powell, 110 Mo. App. l. c. 253 ca. cit.

*Woodson & Woodson, C. F. Kelley* and *L. H. Moss* for respondent.

(1) And it must also be borne in mind that "Every man's house is looked upon by the law to be his castle

of defense and asylum, wherein he should suffer no violence. Which principle is carried so far in the civil law that for the most part not so much as a common citation or summons, much less an arrest, can be executed upon a man within his own walls." 3 Book Blackstone (Cooley's Ed.), pp. 11, 288; Kelley v. Schuyler, 39 At. 894-5; Calvert v. Stone, 10 B. Monroe 152. The foregoing is still the law except as modified by statute. R. S. 1899, sec. 4151; R. S. 1899, secs. 3150 and 3616. (2) This was plaintiff's dwelling, and defendant had no right to enter it after it was notified by him not to do so. Even an officer would not have that right except when authorized by statute. 3 Book of Blackstone (Cooley Ed.), pp. 11, 288, 417; Kelley v. Schuyler, 39 Atla. 894. (3) "Where trespass to real estate is the gist of the action, and there is an illegal entry, whatever is done after the breaking and entry is but aggravation of damages, and may be proved to enhance damages, whether it might be the subject of distinct and different action or not." Cook v. Redman, 45 Mo. App. 397; Davis v. Clark, 40 Mo. App. 515; 3 Suth. on Damages, p. 364; Moyer v. Gordon, 14 N. E. Rep. 467-7, Ind.; 3 Sedg. on Damages (8 Ed.), sec. 923; 1 Suth. Damages, pp.769, 770; Plumb v. Ives, 39 Conn. 120; Druse v. Wheeler, 22 Mich. 439; 3 Sedg. on Damages (8 Ed.), sec. 929; 3 Suth. on Damages, pp. 364, 386, 387, 388, 389, 390, 480; Vandenburgh v. Truax, 4 Denio 464. (4) "Unless the mortgage expressly gives permission to the mortgagee to enter the mortgagor's premises and take possession in case of a default, he is not authorized to do so; and his entry of the premises with no other authority than the mortgage and without the consent of the mortgagor, is a trespass, for which he is liable. Permission to enter the premises of the mortgagor will not be implied from the mortgage relation only." 1 Cobbey on Chat. Mort., sec. 482; McLeod v. Jones, 105 Mass. 403. (5) A mortgagee has no right to take forcible posses-

sion of mortgaged property, even after condition broken, although the mortgage contains a stipulation to that effect. Jones on Chat. Mort. (2 Ed.), sec. 705; Thornton v. Cochran, 51 Ala. 415; McClure v. Hill, 36 Ark. 268; 1 Cobbey on Chat. Mort., sec. 482; McLeod v. Jones, 105 Mass. 403; State v. Boynton, 38 N. W. 505-6-7; Kilpatrick v. Haley, 66 Fed. 133-8-9; Halloway v. Arnold, 92 Mo. 298; Moyer v. Gordon, 14 N. E. 476; Kelley v. Schuyler, 39 Atlantic 894-5 (Attach); Krevet v. Meyer, 24 Mo. 107 (Forcible Entry); In re Life Assn. of America, 96 Mo. l. c. 637; Lacey v. Giboney, 36 Mo. 320; 5 Am. and Eng. Ency. of Law (2 Ed.), p. 1001; Jones on Chat. Mort., sec. 705 (2 Ed.); Kilpatrick v. Haley, 66 Fed. 133, 138, 139. (5) Taking possession of another's land without any authority from him to do so, is illegal, even though the act was done in pursuance to a purchase from another unlawful taker. Ragan v. Railway, 144 Mo. 623, 635; Dreyer v. Ming. 23 Mo. 436; Franke v. Ely, Davis & Co., 50 Mo. App. 579, 583; Perrin v. Claflin, 11 Mo. 13; Clark v. Brott, 71 Mo. 475; 3 Suth. on Damages, p. 480. (6) It was early settled that substantial damages might be recovered in a class of torts where the only injury suffered is mental, namely in cases of assault without physical contact. 1 Sedg. on Damages, secs. 43, 44, 45, 46, 47; Hickey v. Welch, 91 Mo. App. 4; Yoakum v. Kroeger, 27 S. W. 953; Sanderson v. Railway, 92 N. W. 542; Purcell v. Railway, 50 N. W. 1034, Minn. 36 Wis. 592; Razzo v. Varni, 22 Pac. 848; Moyer v. Gordon, 14 N. E. 476; Mack v. Railway, 29 S. E. 908-911; Bell v. Railway, L. R. Ir., 26 Exch. Div. 428; Fitzpatrick v. Railway, 12 N. C. Q. B. 645; Sloane v. Railway, 44 Pac. 322; 2 Sedg. on Damages, sec. 861; Freidenheit v. Edmundson, 36 Mo. 230; Martin v. Shoppee, 3 C. & P. 373; Handy v. Johnson, 5 Md. 450; Beach v. Hancock, 27 N. H. 223.

BROADDUS, P. J.—The plaintiff's suit is to recover damages on account of the insanity of his wife, alleged to have been caused by the wrongful act of the defendant, viz: That, on October 4, 1904, defendant's employees, under its direction, wrongfully entered plaintiff's home and wrongfully and against the protest of his wife took therefrom certain household furniture, which act greatly frightened his wife, caused her to suffer great shame, mortification, and mental anguish, and that constant brooding over said act of defendant's employees caused her to become insane, and it therefore became necessary to confine her in an insane asylum. After a general denial, the defendant alleges substantially as follows: That the property mentioned had been purchased from it by plaintiff's wife at different times, and that portions of the same were not at such time paid for; that to secure the payment of the same, the said wife executed her notes with plaintiff, payable in weekly installments, and certain mortgages upon all the property so purchased, which provided that, upon default in the payment of any of said installments, the defendant might take possession thereof; that default was made in the payment of one said installments; and that it took possession of the said goods as it had the right to do under its mortgage.

Among the articles purchased was a certain stove or cooking range, for which defendant had charged $65, whereas plaintiff's wife claimed that the price was only $45. She insisted that defendant should give her a credit for the difference, which at first it refused, but finally, at the instance of plaintiff, its manager agreed to credit the difference, but at the same time demanded a payment of $10 on the indebtedness. Plaintiff refused to make such payment, but said he was willing to pay $5, but, as he did not have the money, he made no ten-

der of that sum. The defendant's agent then said that he would take the property under the power contained in the mortgage; whereupon plaintiff said to him, "not to touch it." On the next day, defendant sent its employees to plaintiff's home, which they entered, took the property and carried it away. When they arrived at plaintiff's home, they were admitted by the wife, the plaintiff being absent. They informed her of their purpose to take the property, against which she protested. But they disregarded her protest and, when she insisted that, at any event, they should not take the folding-bed, they informed her that they had not authority to take a part, but that they must take it all. There was nothing disrespectful in the manner of defendant's employees and they used no threats or harsh language.

During the time, the wife became greatly excited and exhibited much distress of mind. She cried and wrung her hands. Some of the neighbors were witnesses to the transaction in the taking of the goods and the woman's distressed condition. The plaintiff was informed of the condition of his wife by telephone. Upon his return home, he found her still wringing her hands, crying, and apparently alarmed, or, as he expressed it, "scared." She continued to grow worse until it required force to restrain her, and until finally, on the 19th day of October, fifteen days after the occurrence detailed, she was placed in an asylum for the insane. That she was and is insane, there is no dispute.

There was evidence introduced tending to show that the woman's insanity was not and could not have been caused by said occurrence; but, as the jury has found that such was the cause, it is no longer a matter for discussion in this case, except this court is of the opinion that, although such a result might not ordinarily be expected, yet it was not altogether outside of the range of reasonable probability. The plaintiff recovered in the sum of $1,500 and defendant appealed.

There is no doubt but what, under the terms of the mortgage, default having been made, defendant was entitled to the possession of the mortgaged property. [Reddick v. Gressman, 49 Mo. 389; Pfeninghausen v. Shearer, 65 Mo. App. 348.] And all the authorities we have examined, and they are numerous, are to the effect that a provision authorizing the mortgagee to take possession of the mortgaged property on condition broken is sufficient to authorize him to enter mortgageor's premises and take such property. [Jones on Chattel Mortgages, sec. 705; 1 Cobbey on Chattel Mortgages, sec. 510; Kilpatrick v. Haley, 66 Fed. Rep. 133; McNeal v. Emerson, 15 Gray 384; Street v. Sinclair, 71 Alabama 110; Thornton v. Cochrane, 51 Alabama 415; Sterling v. Worden, 51 New Hampshire 217.] Many other cases might be cited to the like effect. The defendant contends that, as the entry and taking of the property was peaceable, it is not liable for trespass.

The seizure of the property by the mortgagee in such a case should, of course, be effected without force or violence. [Street v. Sinclair, 71 Alabama supra.] Where the mortgagee carried with him a deputy sheriff, whom he had indemnified by bond to levy upon the mortgaged property was construed into a taking by threats, or constructive force. [Thornton v. Cochrane, 51 Alabama 415.] The license of the mortgagee in such cases is to enter upon the premises where the property is situated and to remove the same in a peaceable manner. It is not competent for the parties to authorize the use of force or violence in obtaining possession of the property or removing it from the premises. [Kilpatrick v. Haley, 66 Fed. Rep. supra.] The entry on the premises in such cases must be made in a reasonable and proper manner and without force or violence. [McNeal v. Emerson, 15 Gray 384.] There are some decisions that hold that the mortgagee is authorized to employ such force as may be necessary to overcome the resistance interposed by the other party. [Sterling v.

Worden, 51 New Hampshire 217.]  But the defendant practically concedes the law as stated, that the mortgagee in taking mortgaged property under his license must do so peaceably, that is, without committing a breach of the peace.

That there was no technical breach of the peace, as understood at common law, committed by defendant's employees in taking the property, we think may be conceded, and yet the defendant's conduct in the premises, if plaintiff's testimony be true, was an unlawful trespass. Defendant sent its agents to plaintiff's house to take the goods after having been forbidden to do so. Although plaintiff's wife admitted them, they were there against his consent. They took the property against his consent and against the protest of the wife. It is true they did not use any violence, but the taking was forcible, notwithstanding—and it was not peaceable. At the time, the wife was objecting to their action, crying and wringing her hands, and they carried out their purpose because they were stronger than the woman. She was helpless under the circumstances and did all that she could to retain the property. It would have availed her nothing to have measured her strength with that of the two employees of the defendant. The plaintiff's evidence shows that she was intimidated by the superior force arrayed against her. In order to constitute coercion, it is not always necessary to apply physical force. The highway robber says to his victim, "stand and deliver." And the victim obeys the command and surrenders his purse, yet no physical force is employed, but notwithstanding, in the eye of the law, he was forced to give up his property. The conduct of defendant and its agents differs only in degree from that of the highwayman, for in each instance it was stand and deliver. The defendant was enforcing its contract with a high hand; and was inviting a breach of peace when it invaded plaintiff's home after having been notified not to do so. And its subsequent conduct in overawing the

wife in the husband's absence deserves unqualified censure. There is some authority to support defendant's contention that, in order to render the mortgagee liable in such cases for trespass, he must have been guilty of a breach of the criminal law. [Herman on Chattel Mortgages, p. 209, sec. 96.] But the rule is not supported by the weight of the best authorities.

The defendant's objection to the modification of its instruction No. 1 is without merit. There was a controversy between the parties as to whether defendant had overcharged $20 for the range. But, as defendant gave credit for that sum, the assumption in this instruction that it was an overcharge was immaterial and harmless. The court also modified defendant's instruction No. 3, which reads as follows: "The court instructs the jury that the mortgages read in evidence are valid contracts between the plaintiff's wife and the defendant Hartman Furniture & Carpet Company and that the plaintiff's wife therein and thereby contracted and agreed with the defendant that if she failed to pay all the installments on the notes secured by said mortgages as the same matured, the defendant might peaceably enter into the premises where the property therein described was situated and remove the same without a breach of the peace, and this right and license neither the plaintiff's wife nor any one for her had the right to revoke; and if you believe that at the time the property mentioned in evidence was taken all of said installments then due were not paid or tendered and that the defendant's servants went to plaintiff's residence to take said property, and that plaintiff's wife admitted them, and that they took said property therefrom peaceably, then your verdict must be for the defendant, unless you further find from the evidence that her husband had notified the defendant not to take said property." The modification consisted in adding the words, "unless you further find from the evidence that her husband had notified the defendant not to take said property."

Notwithstanding defendant had been notified by plaintiff not to take the goods, such notification in itself was not sufficient to prevent defendant in so taking them, if it could be accomplished in a peaceable manner. Otherwise, such notification would have the effect of revoking a provision of the mortgage. "The power to take possession . . . is a power coupled with an interest, creating by contract a license in favor of the grantee, which becomes irrevocable without his consent." [Street v. Sinclair, supra; Lambert v. Robinson, 162 Mass. 34; McNeal v. Emerson, supra; Schanewerk v. Hoberecht, 117 Mo. 22.] Notwithstanding defendant, in sending its agents to enter plaintiff's home after it had been notified not to enter, was courting resistance, yet, if no such resistance, was made and the entry was peaceable, and the manner of the taking of the property was also peaceable the defendant committed no wrong. The court would have been justified in refusing the instructions as offered, because it required that the taking should have been accompanied by a breach of the peace in order to render the defendant liable. It was, as given, prejudicial to both parties.

Instruction No. 7 given for plaintiff was also error. It told the jury that if "any witness had sworn falsely to any material fact in the case," they were at liberty to disregard any or all of such witness's testimony; The fault is that it omitted the word, "willfully." For the errors noticed, the cause is reversed and remanded. All concur.