DOMINICK *v.* REA.

1. SALES—CONDITIONAL CONTRACT WITH NOTE ATTACHED—DEFENSES AVAILABLE AGAINST ASSIGNEE.

Where a conditional contract for the sale of an automobile and a promissory note given for the deferred payments are one paper, any defenses that could be urged against the payee may be urged against the assignee.

2. REPLEVIN—EVIDENCE—DIRECTED VERDICT.

In replevin proceedings brought by the purchaser of an automobile against the sellers on a conditional contract of sale, where it appears that defendants illegally broke into plaintiff's garage and took the car, and, before bringing this action, plaintiff offered to pay the full purchase price if the car was restored to him, the trial court was in error in directing a verdict in favor of defendants.

Error to Wayne; Carr (Leland W.), J., presiding. Submitted January 11, 1924.     (Docket No. 63.) Decided April 10, 1924.  Rehearing denied June 2, 1924.

Case by Edward Dominick against William G. Rea and another for the conversion of an automobile. Judgment for defendants on a directed verdict.  Plaintiff brings error.     Reversed.

*Charles C. Stewart,* for appellant.

*Campbell, Bulkley & Ledyard* (*Harold R. Smith,* of counsel), for appellees.

MOORE, J.     It is the claim of the plaintiff that he bought an automobile in April, 1920, for the sum of $1,300, and that he paid $650 down in cash and was to pay the balance in 10 equal monthly installments. He says the automobile was then delivered to him. Some six weeks later the plaintiff signed a paper or papers.   We quote his testimony on cross-examination:

"The complete price that I was to pay him was $1,300 at the time I bought it.    That remaining $650 I was to pay in notes.    I think I signed ten notes. It might have been one note in ten installments.    At this time I can't recall.    I signed notes but no contract.    I had possession of the machine long, long before this, any notes was drawn up.    I understood this $650 was to be paid in ten payments.

"*Q.* You understood this clearly, that there was to be $650 yet to be paid, didn't you?

"*A.* Why, the $650 was to be divided up.

"*Q.* You understood that was to be divided into ten notes?

"*A.* Yes, sir.   *   *   *

"*Q.* I will show you defendants' Exhibit 1 and ask you if you recognize that paper?

"*A.* I don't recognize the paper so much; it is a good deal like my handwriting.

"*The Court:* What is that?

"*A.* I say I don't recognize the papers so much, but. the writing looks familiar with mine.

"*The Court:* The writing is yours?

"*A.* My name is there, yes.

"*The Court:* You signed the paper?

"*A.* I think I did sign that one.

"*The Court:* You recognize that as your signature, do you?

"*A.* Yes, sir, I think so; it looks a great deal like my handwriting.

"*Q.* Look at the bottom paper, did you sign that paper there (indicating)?

"*A.* I don't know; I think I did; it looks like—a good deal like my writing.

"*Q.* Now on the reverse side, did you sign that on the reverse (indicating)?

"*A.* That don't look like my writing.

"*Q.* That, then, is not your signature, you want to say?

"*A.* It don't look like my handwriting; I never make a 'D' that way.

"*Q.* Can you read that paper?

"*A.* No, sir.

"*Mr. Smith:* I will offer this paper (defendants' Exhibit 1) in evidence."

Defendants' Exhibit 1, before referred to, was a written contract, nearly all of which was printed in very small type.    It is so long it takes up nine printed pages of the record.    We quote from the brief of defendants' counsel:

"So far as is essential to review, the agreement provides for retention of title by the seller until the price is fully paid; covers all conditions and agreements between the parties; gives the seller the right, without demand or notice, to take possession of the car upon any default in the payments by the buyer; and the buyer waives any right of action growing out of repossession or retention of the car.    Upon any default in payment the entire balance is to become due and all amounts due are to bear interest at the highest legal rate.  · The buyer [seller] is given the right to retain all payments made as liquidated damages for nonfulfillment and is given the right to a deficiency.    Time

is of the essence and waiver of any default is not to operate as a waiver of subsequent defaults.

"Attached to this agreement is a note made by the appellant to the order of Commercial Acceptance Trust and providing for the payment of $747.50 in installments in amounts and periods corresponding with the agreement.

"On the reverse the agreement is assigned by Stearns Detroit Motor Sales to Commercial Acceptance Trust."

The so-called note was attached to the agreement and is payable at the office of Commercial Acceptance Trust Company, 208 La Salle street, Chicago, Illinois. It authorizes any attorney to appear for the maker in any court and confess judgment with costs, collection expenses and attorney fees, and to release all waiver and waive all right of appeal, and many other provisions.     The defendants did not swear any witnesses but introduced Exhibit 1 in evidence.

The trial judge was of the opinion that, as plaintiff had not made the payments called for in the writings, and had not tendered as much money as the writing required, he should direct a verdict in favor of the defendants, and did so.     The case is brought into this court by writ of error.

The plaintiff testified that he never signed any papers knowingly to the effect that he would make payments in Chicago, or outside the State, and that he never received any contract.

Counsel stipulated as follows:

"It is hereby conceded and admitted by the attorneys for the defendants that at the time of the taking of the automobile by the defendants from the custody and possession of the plaintiff, the Commercial Acceptance Trust had not obtained authority from the secretary of State of Michigan to do business in the said State of Michigan as a foreign corporation under sections 9063 and 9071, 2 Comp. Laws 1915, and that no authority has since then been so obtained and that this admission is made to obviate the necessity, if any, of obtaining and procuring such evidence of the failure

to procure such authority from the office of the said secretary of State."

The plaintiff made a payment of $74.75, for which he received a receipt dated May 1, 1920. Later he made another payment for which he received a receipt reading as follows:

"Commercial Acceptance Trust,
Chicago.
"Chicago, Ill., August 13, 1920.
"$75.50.
"Received of Edward Dominick, seventy-five and 50-100 dollars in payment of June install.   Stearns, Detroit.
"COMMERCIAL ACCEPTANCE TRUST,
"Per WM. G. REA."

It is the claim of the plaintiff that just a month after this payment was made he went home and found ·his garage was broken into and his automobile had been removed.

We again quote from his testimony:

"On September 15, 1920, I went down to see Mr. Gottman and we went over to 1324 Dime Bank building and there we saw Mr. Rea.   I asked him if he took the car and he said he did.   I asked him where the car was, and he wouldn't tell me.  *  *  *  I made a tender to Mr. Rea of $500.25.   At that time he claimed $574.   The next day I went down and offered him the $574.   He then said he wanted $590; figured it up, all up and wanted $590.   We thought it over; that in order not to get into trouble, I said I will decide to pay the $590.   Then he added on $30 constable fees.   We wouldn't pay it.   I offered him $590 the last.   I asked him where the machine was and he says it is locked up in some garage.   I asked him where it was and he wouldn't tell me where."

Counsel for appellant claims that the Commercial Acceptance Company was not authorized to do business in this State, and that its defense must fail, citing sections 9063, 9068, 9069 and 9071, 2 Comp. Laws 1915, and *Republic Acceptance Corp.* v. *Bennett*, 220

Mich. 249; *Republic Acceptance Corp.* v. *Wolf*, 220 Mich. 258.

The proof is so meagre as to the organization of this company that we are not able to say whether this contention is well taken.    The agreement and the so-called note with its many provisos is one paper and any defense that could be urged between the original parties to the transaction can now be urged.    *Toledo Scale Co.* v. *Gogo*, 186 Mich. 442 (Ann. Cas. 1917E, 601).

Whatever may be said of the papers signed by the plaintiff they did not authorize defendants to break into the garage of the plaintiff.    The record shows that plaintiff complied with every request for payments; that when he learned his car was gone he sought to pay up all that he should be required to pay; that he had no copy of the contract; that he tendered the amount that was claimed to be due.    The result of the transaction is that plaintiff has parted with $800.25, that he is without his car and has nothing in return but three receipts for payments made.

The judgment is reversed, with costs to the appellant, and a new trial ordered.

CLARK, C. J., and McDONALD, BIRD, SHARPE, STEERE, FELLOWS, and WIEST, JJ., concurred.