BURGESS v. KATZ

(February 25, 1929. Opinion and Decree.)
(March 18, 1929. Rehearing Refused.)
(April 22, 1929. Writ of Certiorari and
Review Refused by Supreme Court.)

Benjamin Y. Wolf, of New Orleans, attorney for defendant, appellee.

Puneky and Barrios and James J. Landry, of New Orleans, attorneys for plaintiff, appellant.

WESTERFIELD, J. Plaintiff sues for damages for the alleged unlawful entry of his home in his absence and the removal therefrom of his furniture, without his consent.

The defendant, who was the vendor of the furniture, admitted the entry of the premises and the removal of the furniture in the absence of plaintiff, but claims to have acted upon plaintiff's instructions to that effect, and with his consent. He asks for judgment in reconvention in the sum of $386.00, the alleged balance due on the purchase price of the furniture. There was judgment for defendant, dismissing plaintiff's suit on the main demand, and for plaintiff, dismissing the reconventional demand, as in the case of non-suit. Plaintiff has appealed.

Plaintiff purchased certain household furniture from defendant, on the installment plan for the sum of $593.00. He paid an aggregate of $207.00 on account in small weekly installments. He became involved in a personal difficulty with his brother-in-law, as a result of which the was charged with shooting with intent to kill, and in default of bail, was held for some three months in the Parish Prison, awaiting trial.

During plaintiff's incarceration and while his home, where the furniture which he had purchased was located, was unoccupied, defendant's employees in some manner effected an entrance, removed plaintiff's clothing, placed it upon the

floor, and caused the furniture to be loaded on a dray and brought to the defendant's place of business. Upon plaintiff's release from prison he endeavored to have the furniture restored to his possession, without success. Whereupon, he consulted counsel who wrote defendant demanding that the property be returned. Samuel Katz, the son of defendant, who was associated with him in the furniture business replied as follows:

"We have yours of recent date, and in reply wish to state that this is the third letter of similar nature, each letter from different attorneys, demanding us to return to Transito Burgess some furniture which he claims we have removed from his premises without his permission, while Burgess was confined in jail.

"We are again requested to inform Burgess thru you, the same as has been asked of us by his other attornies to which we have replied that, we nor any one of our employees have ever entered his premises or removed any furniture whatsoever, and that his contention that we removed or repossessed any furniture from his premises is utterly false and unfounded. Please inform Burgess to direct his search for his furniture elsewhere, also inform Burgess that we have a claim of $416.00, against him for which we would immediately file suit against him, but in our opinion a judgment against Burgess would do us little or no good as he has no visible assets, therefore, we prefer to drop this matter and spend no more money suing Burgess. However, if he could furnish us with any information as to the whereabouts of the merchandise in question, we would be glad to take this matter up with him and see what could be done in connection with recovering this furniture.

"Trusting that you will inform your client accordingly we, are,
Yours truly,
Katz Furn. Co.
per—Sam'l. Katz."

On the trial of the case, the defendant Katz attempted to repudiate the authority of his son to act for him in the matter and the son, the author of the letter, claimed that the letter referred to other furniture than that which had been removed from plaintiff's home. But, when asked whether any other furniture had been bought by plaintiff, replied in the negative. The elder Katz, answered all questions concerning his son's authority to write the letter, as well as other inquiries to which the answer was in no sense responsive, by denying that his son had such authority. He admitted that he did not answer letters addressed to him, and that his son attended to his correspondence, and the business of the store, as though it was his own, qualifying every answer, however, with an insistent denial of his authority to write the letter.

Insofar as Katz the younger is concerned, his testimony is wholly unworthy of belief, since his letter which incidentally is in his own handwriting, contains a circumstantial and detailed denial of the possession of plaintiff's furniture, at a time when it was in his possession, as he thereafter admitted.

The testimony of Katz, the elder, though not so obviously false as that of his son, bears little resemblance to the truth. Since it is upon these witnesses that the defendant relies for proof of the alleged permission to enter plaintiff's home, and remove his furniture, it is clear that no such permission has been established.

We conclude, therefore, that the defendant was a trespasser. that he invaded plaintiff's home, without authority and is liable in damage.

In the case of Perry vs. Junius Hart Piano House, Ltd., 10 Orl. App. 170, it was held that the vendor of a piano, under an agreement permitting him to repossess it and sell it in the event of failure of the purchaser to punctually pay

the price, was not authorized to remove the property from the home of the vendee, during her temporary absence, without her consent and without notification. In that case the Court quoted from the opinion of the Supreme Court in Van Wren vs. Flynn, 34 La. Ann. 1158, as follows:

"No one appreciating the jealous care with which our law guards the sacredness of every man's house and his lawful possession of property against invasion or disturbance, otherwise than by proceedings taken under the sanction and through the agency of the public justice, can question that, unless removed from its general principles by the effect of the agreement set up in defense, the acts which we have detailed constitued a gross outrage upon the rights and feelings of plaintiff, as a citizen and a man, for which courts of justice must either grant redress or sanction the personal exaction of satisfaction by violence."

In Waller & Edmonds vs. Cockfield, 111 La. Reports 595, 35 So. 778, a case involving the lease of a cotton gin, which was repossessed by the lessor, without judicial procedure and without the consent of the lessees, upon the ground that the terms of the lease had not been adhered to, the Court said:

"The neglect of the lessee to fulfill his engagement may give cause for a dissolution of the lease * * * by suit in due form and not by arbitrary action of the lessor; that is, he can obtain a decree to dissolve the lease, but he is not authorized to take the law in his own hands and dissolve it himself."

Lelonier vs. Welien Co., 13 Orl. App. 236; Perres vs. Munsch & Arnouldin, 6 La. 770; Thompson vs. Coupland, 6 Orl. App. 403.

In regard to the amount of damages, we think the sum of $250.00 a proper award.

As to the reconventional demand of defendant, the judgment below was one of non-suit and no appeal has been taken and no answer to the appeal filed in this court. The judgment in that respect has been acquiesced in by defendant.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from insofar as it dismisses plaintiff's suit on the main demand, be reversed, and it is now ordered that there be judgment in favor of plaintiff, Transito Burgess, and against the defendant, Phineas Katz, in the sum of $250.00, with legal interest from judicial demand until paid and all costs. It is further ordered that in other respects the judgment appealed from is affirmed.