14806

CHILDERS v. JUDSON MILLS STORE COMPANY ET AL.

(200 S. E., 770)

*Messrs. G. H. Cleveland* and *T. C. Cleveland, Jr.,* for appellant Judson Mills Store Company,

*Messrs. Hicks & Johnson,* for appellant Commercial Credit Company,

*Messrs. J. Robert Martin* and *J. Robert Martin, Jr.,* for respondent,

January 11, 1939.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

The cause of action upon which this case was tried was for an alleged trespass *quare clausum fregit* in the repossession of an electric refrigerator from the home of respondent by the two appellants, acting jointly and concurrently.

The original complaint contained two causes of action, one of which was based upon an alleged breach of warranty, but upon motion of appellants, the respondent elected to proceed on the tort, and struck from his complaint all allegations of warranties or breaches thereof.

Paragraph 1 of the complaint alleged the incorporation of Judson Mills Store Company; that it operated branch stores, and at its store known as "Norge", sold electric refrigerators. Paragraph 2 alleged the incorporation of Commercial Credit Company, and a place of business of this Company in Greenville; that it was engaged in the handling of collections and financing and purchasing of contracts entered into with various concerns, and that it purchased from time to time contracts entered into by Judson Mills Store Company, with its creditors (debtors). Paragraphs 3 and 4 of the complaint are as follows:

"(3) The defendants both by their concurrent, joint and co-operative acts, in the absence of plaintiff from his home late Saturday afternoon, October 9, 1937, broke into plaintiff's residence, entered, disconnected, took and carried away the said electric refrigerator purchased as aforesaid.

"(4) That the joint, concurrent and co-operative acts of the defendants, Judson Mills Store Company and Commercial Credit Company, their agents and servants, in breaking and entering plaintiff's residence and taking therefrom his electric refrigerator in the circumstances were h i g h-handed, wanton and willful and constituted a wanton, willful trespass and invasion of plaintiff's rights to his damage, actual and punitive   *   *   *."

The answers of appellants, separately made, after admitting paragraphs 1 and 2 of the complaint, were a general denial.

The case was tried before Honorable Hayne F. Rice and a jury, resulting in a verdict for respondent in the sum of $750.00 actual and punitive damages against each appellant. At the appropriate times motions for nonsuit, directed ver-

dict, and a new trial or judgment notwithstanding the verdict were made.

When the Judson Mills Store Company decided to engage in the sale of Norge electrical products, it entered into an agreement, known as a "limited recourse agreement", whereby the Commercial Credit Company agreed to purchase installment notes and/or conditional sales contracts, chattel mortgages, etc., paying therefor a sum equal to the unpaid face amount, less finance charges, and less a reserve fund" to be repaid after the fulfillment of certain conditions. The agreement also provided that the instruments purchased shall be assigned with recourse to continue until the first four monthly installments have been paid within thirty days of their respective maturity dates, in which event thereafter the assignment shall be deemed to be without recourse except that the store would repossess the products covered thereby on default by the purchaser and would deliver the products to the credit company free of storage charges while on the Judson Mills Store Company's premises.

On March 24, 1937, the respondent purchased from the Judson Mills Store Company a Norge refrigerator, exchanging therefor an old ice box, agreeing to pay the remainder of the purchase price in twenty-four consecutive monthly installments of $6.16 each, giving as security to the Judson Mills Store a conditional sales contract or chattel mortgage over the refrigerator. On the same date the Judson Mills Store Company, in accordance with the terms and provisions of the "limited recourse agreement" did sell, assign and transfer to the Commercial Credit Company the foregoing conditional sales contract. The respondent, as were all other purchasers, was instructed to remit his monthly payments to the Commercial Credit Company. The respondent, however, did not remit his payments direct to the Commercial Credit Company, but made his payments to the Dunean store of Judson Mills Store Company, receiving a receipt issued by the Dunean store. The agent of the Judson Mills Store Company would place the payment in an envelope,

write respondent's name thereon and the amount paid, deliver the envelope to the local office of the Commercial Credit Company, and the Credit Company would issue its official receipt to respondent and deliver the same to the agent or representative of the Judson Mills Store Company, who, apparently, retained these receipts. The respondent made four monthly payments and no more, the last payment being made July 30, 1937. The Commercial Credit Company thereby, under the limited recourse agreement, becoming the purchaser or assignee of the chattel mortgage without recourse, other than as above stated.

Following the payment of July 30, 1937, the respondent became delinquent in his payments, the cause of the delinquency, according to the respondent, arising from the unsatisfactory operation of the refrigerator. Respondent testified he made several complaints to the Judson Mills Store Company about the unsatisfactory operation of the refrigerator, which was denied by the Judson Company. All testimony relating to breach of warranty, the unsatisfactory operation of the refrigerator, was objected to by the appellants, and ruled by the trial Judge to be admissible as against the store company, but inadmissible as to the Commercial Credit Company.

On or about October 9, 1937, the refrigerator was repossessed and removed from the home of respondent, without the institution of any legal action. The conditions and circumstances surrounding the removal and repossession constitute a controverted question of fact between the respondent and the Judson Mills Store Company, and, incidentally, with the Commercial Credit Company. The evidence of respondent is that on the morning of October 9, 1937, Roy Stephens, an agent of the Commercial Credit Company, came to see him about his delinquent payments, and respondent informed him of the unsatisfactory performance of the refrigerator, refusing to make payments until satisfactory repairs were made; that Stephens said, "he would see about sending some fellow out there and have

it fixed", whereupon respondent said he would not be at home after 2 o'clock in the afternoon, but would be at home Monday morning. At 2 o'clock respondent left home, securely locking the doors, and when he returned he found that the latch on his rear door had been broken, the refrigerator gone, with the contents thereof being placed upon a table. Witnesses for respondent testified that during the afternoon an agent or servant of the Judson Mills Store Company came to respondent's home, found it locked, left and returned in a few minutes, broke or bent the lock or latch on the rear door and removed the refrigerator. The refrigerator was removed in a truck belonging to the Judson Mills Store Company, and carried to its Norge store.

The Judson Mills Store Company admits entering the home of respondent and removing the refrigerator therefrom, but denies breaking into his home, or that respondent ever made any complaints to this appellant concerning the alleged unsatisfactory operation. This testimony was given subject to its objection to the admissibility of respondent's testimony along this line.

Mr. Kidd, the manager of the Norge store, testified that every Friday or Saturday an agent of the Commercial Credit Company would call at the Norge store; that on October 9, Mr. Stephens, the representative, called by with the past due list, on which was respondent's name. Stephens was informed by Kidd that it was his duty to collect the account. Stephens, according to Kidd, went out and when he came back stated he had seen respondent, was unable to collect, but respondent said "come and get the refrigerator". Kidd then dispatched an employee of the store to get the refrigerator, the employee's name being Mr. Julian. Mr. Julian went to respondent's home, says he found no one at home, and that the rear door was not latched. He thereupon called Mr. Kidd, reported what he had found, and was instructed by Kidd to take the refrigerator.

Stephens was not p r e s e n t at the trial, but his written statement was offered and accepted with certain deletions.

Stephens stated respondent said something was wrong with the box, but that he was not making enough money to pay his grocery bill, would not be able to make payments upon the refrigerator and the company would have to take up the box.

All of the testimony has not been narrated herein, but only that portion of the evidence sufficient to coagulate the issues. The respondent charges the appellants with a joint and concurrent trespass, and violation of his rights. The Judson Mills Store Company admits the removal of the refrigerator, but denies any illegal acts, further contending they were acting under the instructions, under the limited recourse agreement, as agents of the Commercial Credit Company. The credit company maintains they had nothing to do with the act of repossession or entry into the home of respondent, and are therefore not liable under any view of the case.

The exceptions taken by appellants are divided into three classifications, exceptions taken by both appellants, by Judson Mills Store Company alone, and by Commercial Credit Company alone. All of the exceptions specify error in the admission or exclusion of evidence, the Court's instructions to the jury, refusal to grant a nonsuit or directed verdict, and the form of the verdict.

We discuss first the exceptions alleging error in the trial Judge's refusal to grant a nonsuit or directed verdict as against both appellants or either appellant. Repossession of chattels, without institution of legal proceedings, after default in the terms and conditions of Conditional Sales Contracts, has been the subject matter of appeal before this Court in several cases, a few of these cases being *Rucker v. Smoke,* 37 S. C., 377, 16 S. E., 40, 34 Am. St. Rep., 758; *Williams v. Tolbert,* 76 S. C., 211, 56 S. E., 908; *Willis v. Whittle,* 82 S. C., 500, 64 S. E., 410; *Lee v. National Furniture Stores,* 163 S. C., 204, 161 S. E., 450; *Lyda v. Cooper,* 169 S. C., 451, 169 S. E., 236.

The guiding principles of law in instances of this kind are clearly enunciated in *Willis v. Whittle, supra, from* which we quote:

"It is well settled that, after condition broken, the legal title to mortgaged chattels vests in the mortgagee. The right of the mortgagee to seize mortgaged chattels after condition broken is a license coupled with an interest, which cannot be revoked by the mortgagor. It is a part of the consideration of the mortgage, and to allow the mortgagor to revoke it would be a fraud upon the rights of the mortgagee, and would very much impair the value of chattel mortgages as securities. The right to seize carries with it by necessary implication the right to do whatever is reasonably necessary to make the seizure, including the right to peaceably enter upon the premises of the mortgagor.

"There is one restriction, however, which the law imposes upon this right. It must be exercised without provoking a breach of the peace; and, if the mortgagee finds that he cannot get possession without committing a breach of the peace, he must stay his hand, and resort to the law, for the preservation of the public peace is of more importance to society than the right of the owner of a chattel to get possession of it. *Satterwhite v. Kennedy,* 3 Strob., 457; *Harris v. Marco,* 16 S. C. [575], 578."

As to what constitutes a "breach of peace" we quote from *Lyda v. Cooper, supra* [page 238]:

"What constitutes a breach of the peace? Webster's New International Dictionary defines 'peace' as 'a state of rest, or tranquility.' Anything which disturbs that state is a breach of the peace.   *   *   *

" 'By "peace," as used in the law in this connection, is meant the tranquility which is enjoyed by the citizens of a   *   *   *   community, where good order reigns among its members, which is the right of all persons in political society.   *   *   .*   It is not necessary that the peace be actually broken to lay the foundation of a prosecution for this offense. If what is done is unjustifiable, tending with

sufficient directness to break the peace, no more is required.' 8 R. C. L., 284.

"In *Miles v. State of Oklahoma,* 30 Okl. Cr., 302, 236 P., 57, 58, 44 A. L. R., 129, it was held: 'It is not necessary that an act have in itself any element of violence in order to constitute a breach of the peace.' "

The entry into the home of respondent by the Judson Mills Store Company, in the absence of respondent, is an admitted fact, Whether the entry into the home was with or without the c o n s e n t of respondent, whether the home was locked and the agent, in order to effect entry, only turned the knob and pushed the door open, are controverted facts, supported either way by competent evidence, requiring submission to the jury, whose findings this Court cannot disturb. The respondent having denied granting permission for repossession of the refrigerator, and the repossession having occurred in the absence of the family, the question as to whether the door was locked becomes largely academic, since the store company admits it was necessary to turn the door knob to open the door. A man's home is his castle and no outsider has the right to enter the home in the absence of the occupants without the permission, express or implied, of the occupants, and if one does so he becomes a trespasser, under the facts of this case as testified to by respondent.

The motions of the appellant, Judson Mills Store Company, for a nonsuit, and for a directed verdict, were properly refused. It was proper for the jury to determine whether the entry was made in a lawful manner, whether the Judson Mills Store Company was a trespasser, and whether there was such a breach of the peace as the law contemplates in cases of this kind.

The Commercial Credit Company also made a motion for a nonsuit and at the conclusion of the testimony a directed verdict in its behalf. The motion for a nonsuit should have been granted. However, the ex-

ception specifying error in refusing to direct a verdict will be considered since the evidence of the appellants as well as the evidence of respondent, clearly shows the trial Judge was in error in refusing to direct a verdict.

Respondent did not deal directly with the Commercial Credit Company, except in two instances, first, on October 9, 1937, when Stephens, agent of Commercial Credit Company, came to see why respondent was behind with his payments, at which time respondent says Stephens promised to send someone to fix the refrigerator; the second instance occurred after the repossession when a representative of the credit company came to respondent to have him sign an instrument, called a "release" by respondent, but proven a "request for private sale", an instrument permitting private sale instead of public sale to clear up the balance due upon the contract.

Respondent made no payments to Commecrial Credit Company, but made all payments to the Dunean Store of Judson Mills Store Company, receiving the Dunean Store receipt, in the manner hereinbefore described, such that the Judson Mills Store Company was respondent's agent and not the agent of Commercial Credit Company. The Commercial Credit Company's motion for a nonsuit should have been granted, but since it was refused and both appellants proceeded to introduce evidence, we will refer to the defense to determine if their testimony produces any proof of liability of Commercial Credit Company.

Miss Huckaby, working in the Norge Store, testified that Stephens was present in the store when Julian called Kidd on the telephone about the repossession, but she did not hear any of the conversation. Mr. Kidd did not recall Stephens' presence during the telephone conversation, but he stated Stephens had told him, after talking with respondent, that respondent had said "we would have to repossess."

Stephens stated he was present when Julian called Kidd and Kidd "asked me what did I think he should do about it and I told him that was up to him. I told him what I had

found out and that was all I had to say. I only told him what Childers told me." We do not find any evidence in the record that the Commercial Credit Company instructed Judson Mills Store Company to repossess the machine, or that Commercial Credit Company participated in the repossession. The most the Commercial Credit Company did was, in the usual course of business, to confer with Kidd concerning delinquent accounts, among them being respondent's and attempt to collect from respondent, the result of the attempt being reported to Judson Mills Store Company.

Under the Limited Recourse Agreement the credit company would have had the right to demand that Judson Mills Store Company repossess the machine and deliver to them, or repurchase the conditional sales contract. However, the repossession of this refrigerator emanated, not from any demand from the credit company, but as independent act of the Judson Mills Store Company. Although Kidd acted upon information furnished by Stephens, this is not sufficient to connect the credit company with the alleged tortious acts. The trial Judge should have directed a verdict against the respondent and in favor of Commercial Credit Company. The exception specifying this error is sustained.

The Judson Mills Store Company excepts to the admission of testimony over their objection, offered by respondent to show the mechanical condition of the refrigerator, which condition respondent gave as his reason for his delinquency in the payments. As aforesaid, the original complaint in this action contained two causes of action, one of which was based upon an alleged breach of warranty, and the other being the cause of action tried herein. Upon motion to strike one of the causes of action from the original complaint the respondent agreed to strike and did strike all allegations of warranties or breaches thereof. Upon the trial of the case, after the service of the amended complaint, respondent offered considerable testimony covering the "breach of warranty," which testimony was admitted over objection. We think there was prejudi-

cial error in the admission of this testimony. Respondent's cause of action is based upon a tort, the breaking and entering of respondent's home and taking therefrom the refrigerator under such circumstances as to constitute a trespass and invasion of respondent's rights. The issue presented for determination was whether or not the repossession was accomplished in a lawful manner, without a trespass or invasion of respondent's rights. The mechanical condition of the refrigerator, or respondent's reason for nonpayment of the installments, had no bearing upon and constituted no part of respondent's cause of action. Respondent contends this testimony was admissible upon the issue of punitive damages. With this contention we cannot agree. Respondent is entitled to punitive damages if the trespass and invasion of his rights was accomplished in a highhanded, willful and wanton manner, and does not depend in any degree upon the mechanical condition of the refrigerator. The exception specifying this error is sustained.

Since this case will be returned to the lower Court with directions for the entry of judgment for the Commercial Credit Company and the granting of a new trial between respondent and Judson Mills Store Company, we will not discuss the remaining exceptions raised herein. And, we have refrained from entering into a discussion of the testimony other than was absolutely necessary.

It is the judgment of this Court that the cause be remanded to the Court of Common Pleas for Greenville County for entry of judgment in favor of Commercial Credit Company; and for a new trial as to Judson Mills Store Company.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.