**RENAIRE CORPORATION, Appellant,**

v.

**Kenneth J. VAUGHN, Appellee.**

No. 2141.

Municipal Court of Appeals for the
District of Columbia.

Argued Feb. 24, 1958.

Decided June 3, 1958.

———◆———

Marvin E. Perlis, Washington, D. C.,
for appellant.

John J. Spriggs, Jr., Washington, D. C.,
for appellee

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

■ The basic question on this appeal is whether appellant, the seller under a conditional sales contract, committed a trespass in retaking the chattel from the home of appellee, the purchaser. The question is governed by the law of Virginia where the purchaser lived and where the contract provided the chattel should be kept and where the retaking took place.[1] The contract provided:

"For the purpose of enforcing the Vendor's rights hereunder, the Purchaser authorizes the Seller or assigns to enter upon the premises with or without notice and remove said property, and hereby waives any action or right of action arising out of said entry and repossession, * * *."

The facts of the case are mainly undisputed. The purchaser lived in his own home on a country road outside the city limits of Fredericksburg, Virginia. He purchased the chattel, a food freezer, and it was installed in his home. He made payments for about a year and then defaulted because of an injury to his back requiring a surgical operation. Because of this operation he found it necessary to move his wife and children to Takoma Park, Maryland, where he was in a hospital. They were away from home for two or three months. Before leaving his home he locked the house and left the key with a neighbor. When he returned he found a rear window broken and the front door unlocked and discovered that the freezer and his mechanics' tools were missing.

The seller admitted that it had retaken the freezer during the absence of the pur-

chaser and his family. The seller's agent testified he had attempted on four different occasions to retake it but on each occasion found no one at home, and that on his fifth visit he broke a window open, entered the house through the window, removed the freezer through the front door, and then locked the door from the inside and left by climbing out the window. He and his assistant both testified they saw no tools on the premises.

■ It is generally held that a conditional vendor may repossess the property without resort to legal process if he can do so peaceably,[2] and such is the rule in Virginia. In Universal Credit Co. v. Taylor, 164 Va. 624, 180 S.E. 277, 280, it was said:

"The right to possession of chattels may be exercised without recourse to the courts, provided this can be done peaceably. It is only when a right of one is denied or resisted by another, that such party must resort to appropriate legal proceedings to enforce that right."[3]

■ Our question is whether a retaking by breaking and entering a private dwelling is a peaceable retaking. We have found no Virginia case to guide us on this question. The cases elsewhere are not entirely in accord,[4] but we think the better reasoned cases hold that the act of the vendor in this case constituted a trespass.

In Stewart v. F. A. North Co., 1916, 65 Pa.Super. 195, 200, the court said:

"We are unwilling to give to the contract under consideration a construction which would permit the lessor to batter down doors or break windows or engage in other acts of violence in the exercise even of an un-

1. The record is silent as to the place where the contract was made, although apparently it was made in Virginia.

2. Annotation, 146 A.L.R. 1331.

3. See, also, Lloyd v. Federal Motor Truck Co., 168 Va. 72, 190 S.E. 257; Bullock v. Young, D.C.Mun.App., 118 A.2d 917.

4. A good discussion is found in Westerman v. Oregon Automobile Credit Corporation, 168 Or. 216, 122 P.2d 435.

doubted right to the possession of the chattel." ·

In Girard v. Anderson, 1934, 219 Iowa 142, 257 N.W. 400, 402–3, it is said:

"An agreement permitting a family's home to be broken open and entered for the purpose of forcibly taking possession of property therein is contrary to good public policy and void to that extent."

In Childers v. Judson Mills Store Co., 1939, 189 S.C. 224, 200 S.E. 770, 774, it was said:

"A man's home is his castle and no outsider has the right to enter the home in the absence of the occupants without the permission, express or implied, of the occupants, and if one does so he becomes a trespasser, under the facts of this case * * *."

In the three foregoing cases the retaking, as here, was from the home in the family's absence.

In Kirkwood v. Hickman, 1955, 223 Miss. 359, 78 So.2d 351, 356, the retaking was from the home in the absence of the husband and wife but in the presence of a daughter-in-law, and there it was said:

"Where the repossession occurs in a private residence of the conditional vendee, the retaking must occur with the knowledge of and without objection by the vendee. Otherwise the conditional seller has an adequate remedy at law to retake the property. The important factors of the sanctity of a private home from invasion by others, and the right of privacy require, we think, a different rule as to the right of repossession from that applied in those cases not involving a private residence."

We do not necessarily subscribe, or believe that the Virginia courts would subscribe, to all that was said in the foregoing cases, but we believe those authorities support the view that the entry here was a trespass. While the contract gave the vendor the right to enter upon the premises it did not expressly give the right to break in in order to enter and we refuse to hold that it impliedly gave that right.

Appellant relies strongly on W. T. Walker Furniture Co. v. Dyson, 32 App. D.C. 90, 19 L.R.A.,N.S., 606, decided fifty years ago in this jurisdiction. There it was held that the provision of the contract authorizing entry upon the premises for the purpose of retaking in case of default constituted an irrevocable license coupled with an interest, and that a vendor having such a license might use such force as was reasonably necessary to overcome the resistance of the vendee unlawfully interposed. This ruling appears to be contrary to the Virginia ruling that the retaking must be done peaceably and that resort must be had to the courts if the right to retake is resisted.

■ Appellant also complains that it was error to allow recovery for the loss of the tools in the absence of a finding that its agents removed the tools. We think recovery was properly allowed. The breaking of the window and leaving it in a broken condition made it possible for any passerby to enter the house in the same manner that appellant's agent entered and take from the house anything found therein. We cannot say that the trial court was in error in finding as a fact that the breaking of the window and leaving it in its broken condition was the proximate cause of the loss of the tools.

■ The trial court allowed appellee compensatory damages only. He says it was error not to allow him punitive damages. However, he took no cross-appeal and this question is not properly before us; but even if it were we would be compelled to hold that this claim of error is without merit. The award of punitive

damages is discretionary and not of right. District Motor Co. v. Rodill, D.C.Mun. App., 88 A.2d 489; Weatherford v. Birchett, 158 Va. 741, 164 S.E. 535.

Affirmed.