291 S.E.2d 383

**GENERAL ELECTRIC CREDIT
CORP., et al.**

v.

**Donna June TIMBROOK.**

No. 15347.

Supreme Court of Appeals of
West Virginia.

May 14, 1982.

R. Pierce Kelley, Jr., Romney, for appellant.

No Appearance for appellee.

HARSHBARGER, Justice:

Donna June Timbrook purchased a mobile home from Winchester Mobile Home Sales, Inc., a Virginia corporation, on September 10, 1974, and her contract was assigned to General Electric Credit Corporation.[1] In 1979, Ms. Timbrook became delinquent in her payments. She contacted West Virginia Legal Services Plan, Inc., which wrote several letters to Winchester trying to arrange an agreeable payment schedule; but in April, 1980, Winchester sued in Mineral County Circuit Court for judgment for her indebtedness. Timbrook

---

1. General Electric Credit Corporation and Ms. Timbrook reached a settlement, and General Electric was dismissed from this action.

answered, counterclaimed and raised a bona fide defense.

In mid-May she found a handwritten note on her door requesting that she call Winchester's collection department. The next day she purchased a new lock for her front door, but on May 29, 1980, while she was at work, representatives of the creditor broke her lock (to release a household pet) and removed her home and all her possessions from its cinder block foundation (destroyed in the process) and carried it back to old Virginia.

She got a preliminary injunction to prevent further disposition of her property, but after full hearing, the trial court dissolved it and ruled that the repossession was proper according to W.Va.Code, 46–9–503 because there had been no breach of peace.

A creditor's common law right to self-help repossession has been codified in the Uniform Commercial Code, Article 9, Section 503:

> Unless otherwise agreed a secured party has on default the right to take possession of the collateral. In taking possession a secured party may proceed without judicial process if this can be done *without breach of the peace* or may proceed by action. If the security agreement so provides the secured party may require the debtor to assemble the collateral and make it available to the secured party at a place to be designated by the secured party which is reasonably convenient to both parties. Without removal a secured party may render equipment unusable, and may dispose of collateral on the debtor's premises under section 9–504 [§ 46–9–504].

W.Va.Code, 46–9–503 (emphasis added). *Cook v. Lilly*, 158 W.Va. 99, 208 S.E.2d 784 (1974), upheld this section against constitutional due process attack.

We have never defined what a breach of peace is, that would vitiate a self-help repossession. Several authorities make criminal "breach of peace" analyses,[2] but we believe the term has a broader Uniform Commercial Code meaning.

Tortious activity incites or tends to incite breaches of the peace.[3] The use or threat of violence impairs the tranquility to which our citizens are entitled in their homes and possessions. *Accord, Marcuchi v. Norfolk and Western Railway Co.*, 81 W.Va. 548, 94 S.E. 979 (1918), Syllabus Point 3.

White and Summers, leading scholars on the Uniform Commercial Code, have resolved:

> To determine if a breach of peace has occurred, courts inquire mainly into: (1) whether there was entry by the creditor upon the debtor's premises; and (2) whether the debtor or one acting on his behalf consented to the entry and repossession.
>
> In general, the creditor may not enter the debtor's home or garage without permission....

White and Summers, Handbook of the Law Under the Uniform Commercial Code, (West 1972), § 26–6, p. 967.

*See also* Mikolajczyk, Breach of Peace and Section 9–503 of the Uniform Commercial Code—A Modern Definition for an Ancient Restriction, 82 Dick.L.Rev. 351 (1977–78); Comment, Is Repossession Accomplished by the Use of Stealth, Trickery, or Fraud a

---

**2.** *Cherno v. Bank of Babylon*, 54 Misc.2d 277, 282 N.Y.S.2d 114 (1967); *Morris v. First National Bank and Trust Co.*, 21 Ohio St.2d 25, 29, 254 N.E.2d 683, 686–687 (1970); *Harris Truck and Trailer Sales v. Foote*, 58 Tenn.App. 710, 436 S.W.2d 460 (1968).

We have no "breach of peace" statute, although we recognize a common law crime by that appellation. *State ex rel. Payne v. Mitchell*, 152 W.Va. 448, 164 S.E.2d 201 (1968).

**3.** These cases have accepted a "breach of peace" definition that includes torts such as assault (threats and intimidation), battery, and false

imprisonment: *Singer Sewing Machine Co. v. Phipps*, 49 Ind.App. 116, 94 N.E. 793 (1911); *Manhattan Credit Co. v. Brewer*, 232 Ark. 976, 980, 341 S.W.2d 765, 767 (1961); *Bordeaux v. Hartman Furniture and Carpet Co.*, 115 Mo.App. 556, 91 S.W. 1020 (1906); *Morris v. First National Bank, supra*, Fn. 2; *Freeman v. General Motors Acceptance Corp.*, 205 N.C. 257, 171 S.E. 63 (1933); *Census Federal Credit Union v. Wann*, Ind.App., 403 N.E.2d 348, 351 (1980); *Deavers v. Standridge*, 144 Ga.App. 673, 242 S.E.2d 331 (1978); *Thompson v. Ford Motor Credit Co.*, 324 F.Supp. 108, 115 (D.S.C.1971).

Breach of the Peace Under Uniform Commercial Code Section 9–503?, 40 Ohio St. L.J. 501 (1979). *See generally*, Annot., What conduct by repossession chattel mortgagee or conditional vendor entails tort liability, 99 A.L.R.2d 358 (1965 and later case service).

■ We agree with those courts that have recognized breakings and unauthorized entries of debtors' dwellings to be breaches of the peace that deprive creditors or repossessors of self-help default remedies.[4]

A creditor has a legitimate interest in getting collateral from a defaulting debtor.[5] That strong interest, however, must be balanced against a person's right to be free from invasions of his home.

Creditors have other options that do not threaten rights that our laws have always jealously protected. If there can be no repossession without peace breaching, they can sue. W.Va.Code, 46–9–501(1), 46–9–503.

■ And, of course, if repossessions result in breaches of the peace, creditors are responsible for any torts they commit. *Accord, Evers-Jordan Furniture Co. v. Hartzog*, 237 Ala. 407, 187 So. 491 (1939); *Cox v. Stuart*, 229 Ala. 409, 157 So. 460 (1934); *Griffith v. Valley of Sun Recovery*

*and Adjustment Bureau, Inc.*, 126 Ariz. 227, 613 P.2d 1283, 1286 (1980); *Henderson v. Security National Bank*, 72 Cal.App.3d 764, 770, 140 Cal.Rptr. 388, 391 (1977); *Thrasher v. First National Bank*, 288 So.2d 288, 289 (Fla.Dist.Ct.App.1974); *Southern Industrial Savings Bank v. Greene*, 224 So.2d 416 (Fla.Dist.Ct.App. 1969); *Whisenhunt v. Allen Parker Co.*, 119 Ga.App. 813, 168 S.E.2d 827 (1969); *Van Bibber v. Norris*, 404 N.E.2d 1365 (Ind.App.1980); *Benschoter v. First National Bank*, 218 Kan. 144, 542 P.2d 1042, 1049 (1975), *app. dismissed*, 425 U.S. 928, 96 S.Ct. 1656, 48 L.Ed.2d 170 (1976); *Hawkins Furniture Co. v. Morris*, 143 Ky. 738, 137 S.W. 527 (1911); *Victor v. Fairchild Motor Corp.*, 8 So.2d 566, 567–568 (La.App. 1942); *Dominick v. Rea*, 226 Mich. 594, 198 N.W. 184 (1924); *Morris v. First National Bank and Trust Co.*, 21 Ohio St.2d 25, 30, 254 N.E.2d 683, 686–687 (1970); *Wilson Motor Co. v. Dunn*, 129 Okl. 211, 264 P. 194 (1928); *Voltz v. General Motors Acceptance Corp.*, 332 Pa. 141, 2 A.2d 697 (1938); *Childers v. Judson Mills Store Co.*, 189 S.C. 224, 200 S.E. 770 (1939); *A. B. Lewis Co. v. Robinson*, 339 S.W.2d 731 (Tex.Civ.App.1960).

■ This record revealed that Timbrook's mobile home door was locked, evincing lack of owner consent to enter.[6]

---

**4.** *Accord, Evers-Jordan Furniture Co. v. Hartzog*, 237 Ala. 407, 187 So. 491 (1939); *Cox v. Stuart*, 229 Ala. 409, 157 So. 460 (1934); *Manhattan Credit Co. v. Brewer*, 232 Ark. 976, 341 S.W.2d 765 (1961); *Henderson v. Security National Bank*, 72 Cal.App.3d 764, 140 Cal.Rptr. 388 (1977); *Renaire Corp. v. Vaughn*, 142 A.2d 148 (D.C.Cir.1958); *Quest v. Barnett Bank*, 397 So.2d 1020, 1023 (Fla.Dist.Ct.App.1981); *Raffa v. Dania Bank*, 321 So.2d 83, 85 (Fla.Dist.Ct.App. 1975); *Pierce v. Leasing International*, 142 Ga. App. 371, 235 S.E.2d 752, 755 (1977); *Census Federal Credit Union v. Wann*, 403 N.E.2d 348, 351 (Ind.App.1980); *Girard v. Anderson*, 219 Iowa 142, 257 N.W. 400 (1934); *Hawkins Furniture Co. v. Morris*, 143 Ky. 738, 137 S.W. 527, 528 (1911); *Burgess v. Katz*, 10 La.App. 355, 120 So. 526 (1929); *Hileman v. Harter Bank and Trust Co.*, 174 Ohio St. 95, 186 N.E.2d 853 (1962); *M.J. Rose Co. v. Lowery*, 33 Ohio App. 488, 169 N.E. 716 (1929); *Stewart v. F. A. North Co.*, 65 Pa.Super. 195 (1916); *Soulios v. Mills Novelty Co.*, 198 S.C. 355, 17 S.E.2d 869 (1941); *Childers v. Judson Mills Store Co.*, 189 S.C. 224, 200 S.E. 770, 774 (1939); *Lyda v. Cooper*, 169 S.C. 451, 169 S.E. 236 (1933); *Gulf Oil Corp. v.*

*Smithey*, 426 S.W.2d 262, 265 (Tex.Civ.App. 1968).

**5.** We acknowledge the economic benefits to consumers that self-help repossession affords. *Cook v. Lilly*, 158 W.Va. 99, 208 S.E.2d 784, 787 (1974). *See* White, The Abolition of Self-Help Repossession: The Poor Pay Even More, 1973 Wis.L.Rev. 502; Mentschikoff, Peaceful Repossession Under the Uniform Commercial Code: A Constitutional and Economic Analysis, 14 Wm. & Mary L.Rev. 767 (1973); Johnson, Denial of Self-Help Repossession: An Economic Analysis, 47 S.Cal.L.Rev. 82 (1973).

**6.** There is no issue here about contractual consent to entry for repossession purposes. Several courts have found contractual consents to entry with or without force to contravene public policy. *Renaire Corp. v. Vaughn, supra,* Fn. 3; *Girard v. Anderson, supra,* Fn. 3; *Hileman v. Harter Bank & Trust Co., supra,* Fn. 3; *Stewart v. F. A. North, supra,* Fn. 3. *But see Ford Motor Credit Co. v. Herring*, 267 Ark. 201, 589 S.W.2d 584 (1979).

An unauthorized entry into a debtor's dwelling is a breach of peace per Code, 46–9–503.

The trial court erred in finding that the peace had not been breached. We remand for further proceedings consistent with this opinion.

Reversed and remanded.